### WATSON v. COOLEY et al.

(Superior Court of New York City, General Term. October 25, 1888.)

ATTORNEY AND CLIENT—ACTION FOR SERVICES—REFERENCE.

An order of reference will not be made in an action by an attorney for services, unless it appears that, in consequence of the nature of the demand, and of the proofs required, it would be impracticable to try the case with a jury.

Appeal from special term.

Action by Benjamin F. Watson against David C. Cooley and James H. Holdane, to recover for professional services. Defendants appeal from an order of reference.

David McClure, for appellants. B. F. Watson, for respondent.

PER CURIAM. This action is brought to recover for legal services rendered by the plaintiff to an assignee in bankruptcy, and the plaintiff seeks to hold

the appellant liable under an agreement by which the appellant, with others, agreed to bear and pay *pro rata*, in proportion to the amount of their respective claims, all such costs, charges, and expenses as have been or may hereby be paid or incurred in and about the proceedings. The courts have referred actions of this character with much reluctance, and only when it appeared that, in consequence of the nature of the demand, and of the proofs required to sustain it, it would be impracticable to try the case with a jury. A reference entails large additional expense on the defeated party, and adds much to the burden and trouble of the proceedings. Litigants express much dissatisfaction at being compelled to have an attorney's claim against them determined by a brother attorney, and it is clearly for the best interest of both the profession and the community to have disputes of this character settled by the verdict of a jury. An examination of the bill of particulars in this action fails to convince us that a referee is necessary. The bill is mainly for services rendered in four suits or proceedings. It will be necessary to have expert testimony as to the value of the services rendered, and the value of all the services can be testified to by the witnesses, so that it will not be necessary to prove the value of the services rendered on each day, as separate items. The amount of the disbursements are inconsiderable, and we see no reason why the case cannot be satisfactorily tried with a jury. The order appealed from should therefore be reversed, with $10 costs and disbursements, to abide the event of the action.