SAMUEL H. RANDALL, Respondent, v. JACOB H. SHERMAN et al., Appellants.

The complaint in this action alleged that defendants were indebted to plaintiff in a certain sum upon an account for services rendered as attorney and counsel, between certain dates, in defending a certain action, and that the services were of the reasonable value stated. The answer put in issue the indebtedness and the value of plaintiff's services. A motion on the part of plaintiff for a reference was granted. *Held,* error; that the conditions prescribed by the Code of Civil Procedure (§ 1013) as essential to the ordering of a compulsory reference did not exist; that plaintiff, by making out his bill so as to specify the numerous acts and services required in the progress of the litigation, did not make that the "long account" referred to in the statute.

.(Argued March 14, 1892; decided March 25, 1892.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made January 11, 1892, which affirmed an order of Special Term granting a motion for a reference.

The facts, so far as material, are stated in the opinion.

"We think that the court did not have the power to order a compulsory reference of the trial of the issue in this action. Such a reference can only be ordered when the trial will require the examination of a long account and will not involve the decision of difficult questions of law. (Code Civ. Pro. § 1013.)

"The complaint in this action alleged an indebtedness of the defendants to the plaintiff in a certain sum, upon an account for services rendered to them as attorney and counsel, between certain dates, in defending a certain action, and that the services were of the reasonable value stated. The answer put in issue the indebtedness, and alleged the reasonable value of the plaintiff's services to be less than averred. When the plaintiff made his application for the order of reference upon the pleadings, those conditions did not appear, nor did they exist, which the Code prescribes as essential to the granting of the order.

"No account was involved in the issue as the subject of investigation, and the only sense in which it can be pretended that an account could come under consideration at all would

be that, in deference to some request of the defendants, the plaintiff had, before bringing his action, rendered an account or bill itemizing his services. The question presented in such an action is that of *quantum meruit*. The services were rendered as the defendants' attorney and counsel in and about the one action, and although they are capable of more or less itemization, that fact does not bring the action into that class which becomes referable as requiring the examination of a long account. The plaintiff, by making out his bill so as to specify the numerous acts and services required in the various stages of the litigation, does not make that, the 'long account' which the statute speaks of. The bill itself does not include anything but services rendered upon the one retainer. His cause of action was single, as his contract was entire. The service he was retained to render was essentially single, although it required distinct steps and proceedings on his part before the purpose of his employment was fully accomplished. (*Bathgate* v. *Haskin*, 59 N. Y. 533.) The demand in his complaint was for a sum which represented an aggregate charge for several, and more or less different, acts and services. These are, of course, the subjects of valuation, but their proof, in any mode adopted upon the trial, would not convert the subject of plaintiff's action into one involving the 'long account' of the statute.

" The orders of the General and Special Terms should be reversed and the motion for a reference denied, with costs."

*John Brooks Leavitt* for appellants.

*Samuel H. Randall* respondent in person.

GRAY, J., reads for reversal.
All concur.
Ordered accordingly.