Per Curiam.
A party cannot be permitted to deprive his adversary of atrial by jury unless it affirmatively appears, with reasonable certainty, that the hearing of the case will require the examination of a long account. Code, § 1013. It is not sufficient to uphold a compulsory order of reference to demonstrate that there is a possibility that, in the course of the trial, the investigation of the correctness of such an account may become necessary. Thayer v. McNaughton, 117 N. Y., 111; 26 St. Rep., 843. *168 Facts must be disclosed either by affidavit, or upon the face of the pleadings, from which the conclusion can be fairly drawn that so many separate and distinct items of account will be litigated on the trial that a jury cannot keep the evidence in mind in regard to each of the items, and give it the proper weight and application when they retire to deliberate upon their verdict.
The plaintiff is a dealer in coal and wood, and the main cause of action set forth in the complaint consists of a bill for coal and wood furnished the defendant during a period of three years, upon fifteen different dates, and which, it is alleged, were worth, and for which the defendant promised and agreed to pay, the sum of $248. The defendant, in his answer, admits the delivery of coal and wood, but avers that he has no knowledge or information sufficient to form a belief that it was of the quantity or value alleged in the complaint, or that he promised to pay the amount specified. The affidavit upon which the motion for a reference was made contains no additional facts, which is not strange, inasmuch as the defendant had alleged in his pleading that he had no knowledge or information sufficient to form a belief upon the subject
. It is plain that there is not involved here a long account within the meaning of the term as it is used in the law, and as it has been construed and defined in the practice of the courts; and the defendant is unable to express even a belief that its establishment will require more than the brief examination of a single witness, who may have sold and delivered the goods to him. It is evident that the real controversy between the parties relates to the defendant’s counterclaim, which is for attorney’s services and disbursements in four different suits in the supreme court and justice’s court, none of which constitutes a long account of such a character as to authorize a reference. Randall v. Sherman, 131 N. Y., 669; 43 St. Rep., 923.
The orders of the general and special term must be reversed, with costs in all courts, and motion denied, with ten dollars costs.
All concur.