WILLIAM C. FITCH, Respondent, *v.* VOLKER & FELTHOUSEN MANU-FACTURING COMPANY, Appellant.

*Attorney and client — action to recover for services and disbursements — compulsory reference*

When an action brought by an attorney to recover for services rendered and disbursements made is based upon one cause of action only, arising out of a contract of employment to collect a single claim, and the service was essentially single, and the main question to be litigated is as to the amount and value of his services, he cannot, by dividing his labor into periods of day's work and charging accordingly, convert his claim into a long account, within the meaning of section 1013 of the Code of Civil Procedure, and obtain a compulsory reference on that ground

APPEAL by the defendant, the Volker & Felthousen Manufacturing Company, from an order of the Supreme Court, made at Special Term, and entered in the office of the clerk of Erie county on the 9th day of March, 1893, on the motion of the plaintiff, referring the action to a referee to hear, try and determine the same.

*Edward C. Randall*, for the appellant.

*William C. Fitch*, in person, respondent.

LEWIS, J.:

The cause of action stated in the complaint is for services rendered and for disbursements made by plaintiff as an attorney at the request of the defendant to the amount and value of $1,000.

Payment of $286.46 on account thereof is admitted, and judgment is demanded for the balance.

The defendant's answer admits that plaintiff performed services and paid money as attorney for the defendant, but denies that they were of the amount and value of $1,000.

In response to a demand therefor the plaintiff served a bill of particulars which contains fifty-six items, forty-nine of which are for services and the balance for disbursements.

It is apparent from a perusal of the bill of particulars, that the services and disbursements mentioned therein were all rendered and made in one action.

The action was originally commenced in the Municipal Court of Buffalo, was tried in that court, an appeal was taken to the Superior Court of Buffalo, was there tried and thereafter an appeal was taken to the General Term of that court.

The plaintiff adopted the plan of keeping an itemized book account of his services and disbursements in the action.

The first charge is for a retaining fee, and then follows charges for bringing the action and for services from time to time rendered in the action; for perfecting an appeal, there are five separate charges for preparing amendments to a proposed case and for services on the settlement thereof.

There is but one cause of action arising out of the contract, to wit: The agreement to collect a claim against one Ducro.

The service rendered by plaintiff was essentially single though it required different day's work to complete it. (*Bathgate* v. *Haskin*, 59 N. Y. 533.)

The main question litigated upon the trial will be as to the amount and value of plaintiff's services.

He cannot by dividing his labor into periods convert his claim into a long account within the meaning of section 1013 of the Code of Civil Procedure.

The cases of *Randall* v. *Sherman* (137 N. Y. 669) and *Spence* v. *Simis* (137 id. 616), are decisive of the question presented by this appeal.

The latter case was brought to recover for a lawyer's services and disbursements in four different actions.

The account contained 125 items and yet the court held that it was not a case for a compulsory reference; that it was not a long account within the meaning of the term as it is used in the law, and as it has been construed and defined in the practice of the courts.

The order appealed from should be reversed, with ten dollars costs and disbursements.

HAIGHT and BRADLEY, JJ., concurred.

Order appealed from reversed, with ten dollars costs and disbursements.