EDWARD D. BURT and Another, Appellants, *v.* WILLIAM H. NAFIS, Respondent.

*Compulsory reference.*

An action was brought to recover the sum of $645 from the defendant, an attorney at law, who, it was alleged, was employed to pass the title of certain premises sold by the plaintiffs for $10,000, which sum was paid to the defendant, who paid the plaintiffs $9,355 thereof, and retained the balance, which he refused to turn over, alleging in his answer that it was retained by him for services rendered and disbursements made in the matter, with the plaintiffs' assent.

*Held*, that even if the trial involved the necessity of proof of the items of the services rendered, the case was not referable by compulsion.

APPEAL by the plaintiffs, Edward D. Burt and another, from an order made at the Kings County Special Term, and entered in the office of the clerk of the county of Kings on the 15th day of March, 1893, directing that the action be referred to a referee therein named to hear, try and determine the issues.

*George G. Dutcher*, for the appellants.

*Jesse K. Furlong*, for the respondent.

BARNARD, P. J.:

The plaintiffs are the executors of Charles Whiting, deceased. In 1889, acting under a power of sale given by the will, they sold certain premises of the deceased to Kronacher & Etziel for the sum of $10,000. The defendant is an attorney at law, and was employed to pass the title. The deed was delivered and the money consideration paid to the defendant. He paid to the plaintiffs $9,355 and

retained $645. The action is brought to obtain a judgment for this sum. The defendant, in his answer, avers that there was a serious defect in the title of record. That very valuable services were rendered in removing the defect, and considerable sums of money were expended by defendant in securing the proper releases to remove the objection made to the title. The answer further alleges that the sum of $645 was the price agreed upon between the plaintiffs and defendant as the fair and reasonable value of the defendant's services and expenditures, and that that sum was deducted from the amount received by the defendant, with the assent of the plaintiffs. The case is not referable compulsorily. The only issue is one of payment.

If the trial involves the necessity of proof of the items of services rendered under the releases to remove defects of title, the case is not referable by compulsion.

The case presented cannot be distinguished from *Randall* v. *Sherman* (131 N. Y. 669) and the case of *Spence* v. *Simis* (137 id. 616).

The order should be reversed, with costs and disbursements to abide event of action.

DYKMAN, J., concurred; PRATT, J., not sitting.

Order reversed, with costs and disbursements, and motion denied. costs of appeal and motion to abide event.