ESTES et al. v. DEAN.

(Supreme Court, Appellate Division, Second Department. January 14, 1896.)

REFERENCE—ATTORNEYS' ACCOUNT.

    In an action by attorneys for professional services, on a quantum meruit, the fact that the complaint shows that there were four retainers,

and that as to each plaintiffs have itemized the work done in their bill of particulars, does not justify a compulsory order of reference on the ground that the case involves the examination of a long account.

Appeal from special term.

Action by Benjamin Estes and others against Robert J. Dean on an account for professional services as attorneys, rendered by plaintiffs for defendant. From a compulsory order of reference, defendant appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

Lyman E. Warren, for appellant.

Benjamin Estes, for respondents.

BARTLETT, J. The respondents are quite right in their contention that the claim of an attorney for legal services, if it involves the examination of a long account, may be sent to a referee for trial, just the same as a claim in behalf of any other person. In an action by an attorney against his client, however, to recover the value of professional services on a quantum meruit, it is settled by authority that the fact that the services consist of distinct steps and proceedings, which may be stated in numerous separate items, does not make the attorney's bill a long account within the meaning of the statute which authorizes a compulsory reference. Randall v. Sherman, 131 N. Y. 669, 30 N. E. 589; Spence v. Simis, 137 N. Y. 616, 618, 33 N. E. 554. The services rendered upon one retainer constitute a single cause of action. There are four such causes of action set out in the complaint herein. In regard to each the plaintiffs have itemized the work done in their bill of particulars, but the cases cited distinctly hold that a claim is not rendered referable by reason of the fact that it is thus capable of itemization.

The order appealed from should be reversed, with costs. All concur;