BENJAMIN ESTES and Others, Respondents, *v.* ROBERT J. DEAN, Appellant.

*Compulsory reference proper in the case of an attorney's claim — a claim by an attorney under one retainer, arising in several distinct steps and proceedings, is not necessarily referable.*

The claim of an attorney for legal services involving the examination of a long account may be sent to a referee for trial, the same as a claim in favor of any other person.

Where, however, an attorney sues upon a *quantum meruit,* the fact that the services, rendered upon a single retainer, consist of distinct steps and proceedings, itemized as to each matter in a bill of particulars served, does not necessarily make the claim of the attorney a long account, justifying a compulsory reference.

APPEAL by the defendant, Robert J. Dean, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 15th day of May, 1895, ordering a reference in the action.

The action was brought to recover compensation for services rendered by the plaintiffs to the defendant as an assignee for the benefit of the creditors of Walter Carr & Co.

The complaint alleged that at or about the time of such assignment, and from time to time thereafter, the defendant retained and

employed the plaintiffs to act as counsel for him and render profes-
sional advice and assistance to him in and about the matters, busi-
ness and affairs of said assignment.

That plaintiffs, pursuant to such employment, and thereafter,
counseled and advised the defendant in respect to his duties, drew
papers and documents, and rendered and performed other services
other than those thereinafter mentioned, of the value of $500, and
necessarily paid, laid out and expended for defendant, in and about
the affairs and matters of such assignment, the sum of forty-four
dollars and seven cents, or thereabouts, no part of which had been
paid, except as thereinafter stated.

That on or about the 28th day of August, 1891, an action was
commenced in the New York Supreme Court by Jacob Knight and
Joseph N. Knight against the said defendant, to replevin certain
goods and chattels held by the defendant as such assignee, and the
defendant, at or about the time said action was begun, retained and
employed the plaintiffs as his attorneys and counsel to defend said
action, and plaintiffs thereupon appeared therein and conducted the
defense, and rendered and performed professional services for
defendant therein, of the value of $300, which was then due and
unpaid to plaintiffs, except as thereinafter stated.

That after the assignment was made, and the defendant had
entered upon the discharge of his duties as assignee, the firm of
Krull & Volger, composed of Robert Krull and Frederick Volger,
being judgment creditors of the assignors, Walter Carr & Co.,
on or about the 13th day of January, 1892, brought an action
against the said defendant and the said assignors to set aside and
declare the said assignment to be fraudulent and void; and there-
after the said defendant retained and employed the plaintiffs as
counsel for him in that, and to aid and assist in the defense of said
action, and promised to pay plaintiffs for their services in that
behalf. That thereupon the plaintiffs rendered professional serv-
ices in the defense of said action in behalf of defendant, and at his
request, of the value of $1,000, which was then due and unpaid,
except as thereinafter admitted.

That on or about the 16th day of November, 1891, an action was
commenced against the defendant and others by Berthold Levy,
Sigismund Levis and Aaron Levis, to recover possession of certain

goods and chattels in the possession of defendant as such assignee, and which the plaintiffs in that action claimed was their property. That in and about the defense of said action the plaintiffs rendered and performed professional services of the value of $150, no part of which had been paid, except as thereinafter admitted.

The complaint admitted that the sum of $400 had been paid the plaintiffs on account of their services.

*Lyman E. Warren,* for the appellant.

*Benjamin Estes,* for the respondents.

WILLARD BARTLETT, J.:

The respondents are quite right in their contention that the claim of an attorney for legal services, if it involves the examination of a long account, may be sent to a referee for trial just the same as a claim in behalf of any other person. In an action by an attorney against his client, however, to recover the value of professional services on a *quantum meruit,* it is settled by authority that the fact that the services consist of distinct steps and proceedings which may be stated in numerous separate items does not make the attorney's bill a long account within the meaning of the statute which authorizes a compulsory reference. (*Randall* v. *Sherman,* 131 N. Y. 669; *Spence* v. *Simis,* 137 id. 616, 618.) The services rendered upon one retainer constitute a single cause of action. There are four such causes of action set out in the complaint herein. In regard to each the plaintiffs have itemized the work done, in their bill of particulars, but the cases cited distinctly hold that a claim is not rendered referable by reason of the fact that it is thus capable of itemization.

The order appealed from should be reversed, with costs.

All concurred, except PRATT, J., not sitting.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.