(1 App. Div. 305.)

RICHARDS et al. v. STOKES.

(Supreme Court, Appellate Division, First Department. February 7, 1896.)

REFERENCE—ATTORNEY'S FEES—CLIENTS—DIFFERENT PARTIES.

Where, in an action by attorneys to recover fees for professional services, the account involves almost innumerable items of service, rendered under many retainers, and it appears that plaintiffs, besides looking after defendant's individual interests, were also retained by other defendants, and that it would be impossible for a jury to separate the services and charge them to the proper parties, the cause will be referred.

Appeal from special term, New York county.

Action by George Richards and others against William E. D. Stokes to recover for professional services. From an order denying a motion for a reference, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, O'BRIEN, PATTERSON, and INGRAHAM, JJ.

Joseph H. Choate, for appellants.
A. B. Boardman, for respondent.

VAN BRUNT, P. J. This action was brought by the plaintiffs, who are copartners in business as attorneys and counselors at law, to recover for professional services alleged to have been performed by the plaintiffs for the defendant, and for which payment has not been made. The defendant, in his answer, admits the retainer of the plaintiffs, or some of them, and the rendition of services, but denies any knowledge or information of the details and particulars of the same, as contained in the plaintiffs' bill of particulars, except as they were in the answer thereinafter admitted. The answer thereupon admits the rendition of certain services, but denies their value, and alleges payment as to most of them. In respect to other services, relating to the last will and testament of James Stokes, deceased, the defendant alleges that none of the services in respect thereto were rendered to him individually, or otherwise than as executor of the estate, and that they were fully paid for. The answer then alleges misconduct upon the part of the plaintiffs, exaggeration of the difficulty, perplexity, and importance of the actions and matters in respect to which the services were rendered, and that the plaintiffs willfully misled the defendant into a mis-

taken belief of the peril of his situation, and the obstacles in the way of the relief he sought, in order to magnify the value of their services. And the answer further alleges that the real work and services in the business were done by the counsel retained to aid the plaintiffs, and by the other lawyers engaged by the executors in the contest in respect to the will of said James Stokes, and that the plaintiffs made certain false claims in regard to the agreement between the defendant and themselves, and misconducted themselves in reference to the business intrusted to their charge. The plaintiffs served a bill of particulars, containing a large number of items, and covering a considerable period of time. A motion having been made for a reference, such motion was denied, and from the order thereupon entered this appeal is taken.

The defendant claims that the order should be sustained upon three grounds: (1) Because a long account is not involved; more than 95 per cent. of the plaintiffs' entire claim being for services under a single retainer and employment, and connected with a single subject-matter. (2) Because "there appears upon the face of the claim good reason to suppose that the client's resistance on the ground of exorbitance and oppression may prove to be well founded." (3) Because the issue of the plaintiffs' misconduct, and other issues raised by the answer, ought to be tried by a jury.

It is undoubtedly true that, where there is an issue raised of an attorney's misconduct, it ought ordinarily to be tried by a jury. But it by no means follows that all the attorney's rights are to be sacrificed because a defendant, in his answer, makes a charge of this kind upon a suit being brought by the attorney to recover compensation for his services. An examination of the pleadings and the bill of particulars shows, beyond question, that a long account is involved. The services claimed were numerous and complex. They were by no means covered by a single retainer, which we understand to mean a retainer in a single proceeding, and not a retainer to attend generally to the business of a client, which results in numerous and various proceedings. We are not dealing with a long story regarding a single retainer, but with almost innumerable items of service rendered under many retainers. In view of the position of the plaintiffs as counsel for the defendant in looking after his individual interest, and their retainer by the executors of the will of James Stokes, deceased, accepted with the knowledge and consent of the defendant, it would be impossible for any jury to separate the services which were rendered for the estate and those which were rendered for the defendant individually. It is true that the defendant claims that none of such services were rendered for him, but that they were all rendered to the estate, and that the attorneys were paid in full by the estate. But, if this claim upon the part of the defendant is not well founded, it would be impossible, as already stated, for any jury to keep in mind the testimony which will necessarily be offered in respect to the services which were properly chargeable to the defendant, and not chargeable to the estate. The services in reference to the assignments and suits were numerous and complicated, and the proof in

respect thereto will necessarily call for a detailed examination, such as a jury would be unable to give. It may be true that in the bills of particulars the plaintiffs have amplified the details of their services. But, if this case does not show that its trial will involve the examination of a long account, then it is because the relation of attorney and client can never involve such an account. We recognize and appreciate the wholesome rules which have been laid down in this class of cases,—notably in Randall v. Sherman, 131 N. Y. 669, 30 N. E. 589, and Feeter v. Arkenburgh, 147 N. Y. 237, 41 N. E. 518,—but we are not prepared to put attorneys entirely outside the pale of section 1013 of the Code. To refuse a reference here, upon the plea that a case of a long account is not made out, and to force the plaintiffs to go over every disputed item before a jury, would practically be a denial of justice.

We think, therefore, that the motion for a reference should have been granted, and that the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, to abide the final event. The parties can, undoubtedly, as they have heretofore done, agree upon a referee. If, however, they cannot do so, the court, upon the entry of the order on the decision of this appeal, will appoint a referee. All concur.