(21 Misc. Rep. 174.)

## HEDGES v. METHODIST CHURCH OF WILLIAMSBURGH.

(Supreme Court, Special Term, New York County. August, 1897.)

REFERENCE—LONG ACCOUNT.

Where it appeared, in an action by a lawyer to recover for services rendered, that the trial would require the examination of a long account, covering various proceedings and disbursements, extending through a period of at least five years, and consisting of a large number of items, and that it would be impracticable for a jury to retain in their memory the testimony and details respecting each of such matters, so as to render a fair judgment on the whole, such showing was sufficient to authorize a reference.

Motion by Joe E. Hedges for a reference in his action against the Methodist Church of Williamsburgh, requiring the examination of a long account. Granted.

Hector W. Thomas, for plaintiff.

Powell & Damron, for defendant.

RUSSELL, J. It is clear that in an action for services to be proven as upon a quantum meruit a compulsory reference cannot be had solely because the plaintiff splits his charges upon one retainer into numerous items, all of which may be grouped upon the trial in one estimate of value. Randall v. Sherman, 131 N. Y. 669, 30 N. E. 589; Untermyer v. Beinhauer, 105 N. Y. 521, 11 N. E. 847; Feeter v. Arkenburgh, 147 N. Y. 237, 41 N. E. 518. It is practicable for a jury, in listening to the detailed statement for services rendered in the litigation, to group together the work done, and form an estimate as to the value of the whole, even though many very different steps were taken in the rendering of the service. But the design of the Code in rendering an issue involving the examination of a long account referable is to place the trial before a tribunal, which can read over the testimony as to the various items, and act partially as an accountant as well as judge in aggregating the amount which should be finally awarded as the sum total of the amounts found upon each separate service. It would be unjust to a suitor to ask that a bill for services and disbursements composed of many items, which could not be grouped together as a whole, be passed upon by a jury, no member of which could take notes of the various items, or have his memory refreshed by an examination of the testimony before decision, even if they were as well qualified as a referee in judging of the value of such acts of service. This view has been adopted in a case of great importance by the courts of this state, and its force has not yet been questioned. Ruger v. Belden, 27 Hun, 405, affirmed 91 N. Y. 646. This decision also impliedly maintains that lawyers shall be entitled to as fair consideration when necessity compels suit to recover for the value of their services, as other classes of citizens.

In the present case the motion is made upon the complaint, answer, and affidavit of the plaintiff. The statements made by the plaintiff are not opposed by any contradictory affidavit, and therefore the motion must be judged by what he says under oath. He says that the trial of the issue will require the examination of a long account covering various proceedings and disbursements, including

payments and money collected for the defendant, and paid over to it; that the proceedings cover a period of at least five years, and a large number of items. This statement is general in its character, and might not be sufficient but for a reference in the affidavit to the suits and proceedings, not only in the action, but in special proceedings to the number of seven in all, and drawing and preparing contracts; and the plaintiff also states that many and various steps were taken in each suit and proceeding, and there were many items of disbursement in each. It can thus readily be seen that in seven different matters brought into court, each embracing different items of work and disbursements, aside from the work done in drawing contracts and agreements, the plaintiff has stated sufficient to justify the general assertion that the examination of a long account is necessary. It will also readily be seen that it would be quite impracticable for a jury to retain in their memory the testimony and details with reference to each of these different matters so as to render a fair judgment on the whole, however conscientious and earnest that jury might be in its efforts to reach a right conclusion. The motion for a reference is therefore granted.

Motion granted.