We think the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, to abide the event. All concur.

(47 App. Div. 550.)

### STEIN v. NEW YORK NEWS PUB. CO.

(Supreme Court, Appellate Division, First Department. February 9, 1900.)

REFERENCE—ACCOUNT—NATURE OF EVIDENCE.

> Where specific defenses were alleged to an action on account, which, if decided in defendant's favor, would have obviated the necessity of examining the account, and in which, though the demands were for legal services for various litigations, and for other services covering several years, there was nothing to render it difficult for the jury to bear the evidence in mind, the issues were improperly submitted to the referee.

Appeal from special term, New York county.

Action by Lottie E. Stein against the New York News Publishing Company. From an order referring the issues to a referee, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Samuel Seabury, for appellant.

J. S. L'Amoreaux, for respondent.

PER CURIAM. We think the order of reference in this case was improperly made. The action was brought to recover a balance alleged to be due the plaintiff's assignor as an attorney at law for the defendant in various matters. There are specific defenses set up; the first being that all legal services were rendered by the plaintiff's assignor to the defendant under an express agreement by which the plaintiff's assignor rented from the defendant an office at a fixed rental, provided that he (the plaintiff's assignor) would at all times during the continuance of his tenancy render such legal services to the defendant as might be required; and, secondly, that the statute of limitations applied to a great number of items of the claim upon which suit was brought. The disposition of these defenses by the jury in favor of the defendant would obviate the necessity of the inquiry into the items of service. We do not think the examination of a long account, within the meaning of the adjudged cases, is necessarily involved in this action. The bill of particulars or schedule annexed to the plaintiff's complaint shows that the plaintiff's assignor demands compensation for services in a certain number of litigations, and also for various consultations and drawing papers, covering a period of some seven years. As to the services of the latter character, there is a uniform charge of $100 made for each year, except for the year 1898, when the charge was $50. So far as the actions are concerned, there is nothing which would render it at all difficult for a jury to bear in mind the evidence relating to them. In Hedges v. Protestant Church, 23 App. Div. 348, 48 N. Y. Supp. 154, we stated that the real test as to whether an action to recover for attorneys' services should be

referred or not is that declared in Spence v. Simis, 137 N. Y. 616, 33 N. E. 554, namely, that it must appear, either by affidavit or on the face of the pleadings, that the conclusion can fairly be drawn that there are so many separate and distinct items of account to be litigated on the trial that the jury cannot keep the evidence in mind in regard to those items, and give that evidence the proper weight and application when they retire to deliberate upon their verdict. In looking over the schedule annexed to the complaint, we do not think that there would be any difficulty in intelligent men with average memories being able to pass upon each one of the subjects of service in respect of which the plaintiff claims a right of recovery.

The order must be reversed, with $10 costs and disbursements, and the motion for a reference denied, with $10 costs.

___

MENDOZA v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. February 9, 1900.)

STREET RAILWAYS—SINGLE FARE—TRANSFERS.
    Allegations that on a certain date defendant railway company leased a certain railway, and on a later date, being the owner or lessee of two other roads, refused plaintiff a continuous trip over the three for one fare, does not show that the three roads were united by the same contract, and hence does not state a cause of action, under Railroad Laws, §§ 78, 104, authorizing a railway company to contract with any other company for the use of its railway, and requiring a corporation so contracting to give transfers, without extra charge, entitling passengers to a continuous trip on the railways embraced in the contract.

Appeal from special term, New York county.