## CLINCH v. HENCK.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

REFERENCE—COMPULSORY—COMPENSATION FOR SERVICES OF ATTORNEY.

An action to recover compensation for services by an attorney should be referred when the account, as shown by the bill of particulars, covers at least 20 different subjects of employment, and many items of disbursement, each item of which must be examined and approved, under the issues framed.

Appeal from special term, New York county.

Action by Edward S. Clinch against Frances N. Henck for compensation for services as attorney. From a judgment granting a compulsory reference, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Abram J. Elkus, for appellant.

John P. Elder, for respondent.

PATTERSON, J. This is an appeal from an order granting a compulsory reference of this action on the ground that the trial of the issues necessarily involved the examination of a long account. The action was brought to recover an amount claimed to be due for various services of the plaintiff as an attorney and counselor at law. A bill of particulars of the claim was served, from an examination of which it appears that there are at least 20 different subjects of employment embraced in the service claimed to have been rendered by the plaintiff to the defendant, and many items of disbursements made in connection therewith. The bill of particulars states in very concise language the various claims made, and, if any criticism is to be passed upon it at all, it is that it is too concise. In the answer there is a general denial of the allegations of the complaint. Each one of the items in the plaintiff's bill of particulars must be examined and proven, under the issue framed, as if it were a separate cause of action; and we think that no jurors could carry in their minds and keep separated the various details of the numerous and independent items of the plaintiff's demand, and, as was held in Hedges v. Methodist Church, 23 App. Div. 348, 48 N. Y. Supp. 154, that is the test of whether an action to recover for attorney's services should be referred, as stated in Spence v. Simis, 137 N. Y. 616, 33 N. E. 554. This case differs from Stein v. Publishing Co. (decided by this court Feb. 9, 1900) 62 N. Y. Supp. 579. In that case we concluded that the bill of particulars had evidently been expanded or padded to give it the appearance of a long account existing between the parties, and, from the nature of the items, we held that a compulsory reference should not have been ordered. Such is not the condition here.

The order appealed from must be affirmed, with $10 costs and disbursements. All concur.