### BANK v. MARKOWITZ.

### KLINGER v. SAME.

(Supreme Court, Special Term, New York County.   June 25, 1900.)

NEW TRIAL—GROUNDS—USE OF PERJURED EVIDENCE.

> A new trial will be awarded where the successful party knowingly used false testimony which may have influenced the jury in his favor; and the mere fact that the evidence which shows that such testimony was perjured is cumulative of evidence offered on the first trial, and denied by the false testimony, is not a ground for denying such new trial.

Actions by Samuel Bank, by his guardian, and by Louis Klinger, by his guardian, against Herman Markowitz. There were a verdict and a judgment in each case in favor of plaintiffs, and defendant moves for a new trial. Motion granted.

Max Altmayer, for the motion.

Joseph Wilkenfeld, opposed.

McADAM, J. The actions were to recover for wrongful discharge under an alleged special contract for three months. The plaintiffs testified to the contract, and were corroborated by the witness Reiser. The defendant denied the contract alleged, and claimed that the employment was by the week only, and that the plaintiffs were fully paid up to the time of their discharge. The defendant then called Sigfried Levin and Morris Mongolus, who testified that they were in the defendant's employ, were present in the factory when the plaintiffs were employed, and that the hiring was by the week only, whereupon Reiser took the stand, and testified that he was in the defendant's employ at the time, and that neither Levin nor Mongolus was in the defendant's employ at the time, was present at the employment, or could have been present when the contract was concluded. As the contract was made at the defendant's factory, the question whether Levin and Mongolus were there employed by the defendant at the time was all-important. The testimony of Reiser cast grave suspicion on the defense, by making it appear that the defendant had produced witnesses as employés who were not in his employment, but were strangers to the transaction, produced by the defendant to testify falsely. The defendant now moves for a new trial on a case-made, and has shown by 27 witnesses that Levin and Mongolus were in his employ at the time stated by them, and that fact is now conclusively established beyond question or doubt. That Reiser committed perjury, willful and corrupt, there can be no doubt, for he positively swore to that which was absolutely false. If he did not know at the time that what he swore to was false, he certainly did not know that it was true, for it was untrue. In either case he committed perjury. 2 Whart. Cr. Law, §§ 2198, 2201. "For a man is even guilty of perjury if he swears to a particular fact, without knowing at the time whether it is true or false." Id. § 2201, and cases cited. "Perjury is an assertion, upon an oath duly administered in a judicial proceeding, before a competent court, of the truth of some matter of fact, material to the question depending in that proceeding, which assertion the asserter does not believe

65 N.Y.S.—24

to be true when he makes it, or on which he knows himself to be ignorant." 18 Am. & Eng. Enc. Law, 300.

That Reiser's testimony had great weight with the jury is evident, for he appeared in the role of a disinterested witness, from whom the truth was naturally to be expected. Upon a new trial his evidence will be entitled to no credence whatever, and it will be reasonably safe to assume that a different result may follow. The court, in Nugent v. Metropolitan St. Ry. Co., 46 App. Div., at page 110, 61 N. Y. Supp. 476, said:

"The object of a trial is to do justice, and whenever it is made to appear that one of the parties to the litigation has, by fraud, connivance, conspiracy, or other dishonest act, prevented his adversary from having a fair trial, then the court never hesitates to use the power which it possesses to rectify the wrong by vacating the judgment and directing a new trial."

The plaintiffs, Reiser, Levin, and Mongolus were all co-employés of the defendant, and the plaintiffs knew as well as Reiser that both Levin and Mongolus were such employés in the defendant's factory at the time the contract was made; yet they used Reiser's testimony to obtain a verdict, knowing it to be willfully and corruptly false. What can be said in defense of verdicts procured in this criminal manner? The fact that the newly-discovered evidence is cumulative is not, of itself, a sufficient reason for denying a new trial. Hess v. Sloane, 47 App. Div. 585, 62 N. Y. Supp. 579. Courts cannot sustain verdicts obtained by perjured evidence without encouraging perjury, the most dangerous of crimes. Perjury should be denounced whenever it appears, and driven, if possible, out of the sanctuary of justice.

It follows that the verdicts must be set aside, and new trials granted.