EDWARD S. CLINCH, Respondent, *v.* FRANCES NAYLOR HENCK, Appellant:

*Compulsory reference of an account — the test is whether a jury can cárry in mind and keep separate the different items.*

A compulsory reference is properly granted on the ground that the trial will necessarily involve the examination of a long account, where it appears that there are at least twenty different subjects of employment embraced in the plaintiff's claim and many items of disbursement connected therewith, and that the answer is a general denial.

The test in such a case is whether each item of the plaintiff's claim must be examined and proved as if it were a separate cause of action, and whether the jurors can carry in their minds and keep separate the various details of such items.

APPEAL by the defendant, Frances Naylor Henck, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of January, 1900, granting the plaintiff's motion for a compulsory reference of the issues in the action.

*Abram I. Elkus,* for the appellant.

*John P. Elder,* for the respondent.

PATTERSON, J.:

This is an appeal from an order granting a compulsory reference of this action on the ground that the trial of the issues necessarily involved the examination of a long account. The action was brought to recover an amount claimed to be due for various services of the plaintiff as an attorney and counselor at law. A bill of particulars of the claim was served, from an examination of which it appears that there are at least twenty different subjects of employment embraced in the service claimed to have been rendered by the plaintiff to the defendant and many items of disbursements made in connection therewith. The bill of particulars states in very concise language the various claims made, and, if any criticism is to be passed upon it at all, it is that it is too concise. In the answer there is a general denial of the allegations of the complaint. Each one of

the items in the plaintiff's bill of particulars must be examined and proven under the issue framed as if it were a separate cause of action, and we think that no jurors could carry in their minds and keep separated the various details of the numerous and independent items of the plaintiff's demand; and, as was held in *Hedges* v. *Methodist Church* (23 App. Div. 348), that is the test of whether an action to recover for attorney's services should be referred as stated in *Spence* v. *Simis* (137 N. Y. 616).

This case differs from *Stein* v. *N. Y. News Pub. Co.* (47 App. Div. 550). In that case we concluded that the bill of particulars had evidently been expanded or padded to give it the appearance of a long account existing between the parties, and, from the nature of the items, we held that a compulsory reference should not have been ordered. Such is not the condition here.

The order appealed from must be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., RUMSEY, O'BRIEN and INGRAHAM, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.