SARAH A. CANTINE, as Executrix of PETER CANTINE, Deceased, Respondent, *v.* GEORGE W. RUSSELL et al., Appellants.

COMPULSORY REFERENCE — LONG ACCOUNT IN ACTION TO RECOVER FOR ATTORNEY'S SERVICES — CODE CIV. PRO. § 1013. Where, in an action brought by the executrix of a deceased attorney to recover for professional services performed by him under a general retainer to act for executors, not only in probating the will of decedent, but in connection with the management of his estate, no issue is raised by the pleadings as to the performance of such services, and only the value thereof is denied, it must be held, under the authority of *Feeter* v. *Arkenburgh* (147 N. Y. 237), that the trial of the case will not require the examination of a long account within the meaning of section 1013 of the Code of Civil Procedure, and a compulsory order of reference is not authorized.

*Cantine* v. *Russell*, 62 App. Div. 630, reversed.

(Argued November 12, 1901; decided November 19, 1901.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 2, 1901, which affirmed an order of Special Term directing a compulsory reference.

This action was brought to recover a sum alleged to be a balance due to the plaintiff, as executrix of a deceased attorney, for professional services rendered by him for the defendants in and about the probate of the will of their testator, and the settlement of his estate. Performance of the services was admitted by the answer, but their value and the amount due thereon were put in issue. A bill of particulars having been demanded by defendants, one was served, but

it failing to specify the value of each of the items of services mentioned therein, a motion was made for an order directing a further bill, which was denied, but upon appeal to the Appellate Division the order entered thereon was reversed and the motion granted. A further bill was thereupon served, putting a value upon each of the items therein contained. Thereafter a motion was made by plaintiff for a compulsory order of reference, which was granted, and from the order of affirmance by the Appellate Division this appeal is taken.

The question certified is stated in the opinion.

*William D. Brinnier* and *John W. Searing* for appellants. The complaint determines whether an action is referable, and in this case there is nothing in the complaint upon which to base a reference. ( *Welsh* v. *Darragh,* 52 N. Y. 590 ; *Townsend* v. *Hendricks,* 40 How. Pr. 143 ; *Untermyer* v. *Beinhauer,* 105 N. Y. 521 ; *Cassidy* v. *McFarland,* 139 N. Y. 201 ; *Steck* v. *C. F. & I. Co.,* 142 N. Y. 236 ; *Camp* v. *Ingersoll,* 86 N. Y. 433.) The cause of action is single and entire, based upon a single retainer, and the services rendered were all rendered thereunder, and for that reason the action is not referable. (*Benn* v. *F. Nat. Bank,* 19 Wkly. Dig. 206.) The demand and service of a bill of particulars in no way change the nature of the action. A bill of particulars cannot make that referable which was non-referable without it. (*Starkweather* v. *Kittle,* 17 Wend. 20 ; *Kreiss* v. *Seligman,* 8 Barb. 439.) It is not sufficient to authorize a compulsory reference that the examination of a long account may become necessary in determining the action. The Code authorizes a reference only " where the trial will require the examination of a long account." (*Benn* v. *F. Nat. Bank,* 19 Wkly. Dig. 206 ; *Ridgway* v. *Taylor,* 5 Wkly. Dig. 250 ; *Hull* v. *Allen,* 4 Civ. Pro. Rep. 300 ; *Randolph* v. *Mayor, etc.,* 53 How. Pr. 512 ; *Swift* v. *Wells,* 2 How. Pr. 79 ; *Stewart* v. *Elersle,* 3 Civ. Pro. Rep. 139 ; *Dickinson* v. *Mitchell,* 19 Abb. Pr. 286 ; 1 Am. & Eng. Ency. of Law [2d ed.], 108.) The weight of authority is against references of actions by attorneys to

recover for professional services. (*Feeter* v. *Arkenburgh,* 147
N. Y. 237; *Bradley* v. *Eager,* 5 Wkly. Dig. 330; *Benn* v.
*F. Nat. Bank,* 19 Wkly. Dig. 206; *Dittenhoefer* v. *Lewis,*
5 Daly, 72; *Hoar* v. *Wallace,* 24 App. Div. 161; *Evans* v.
*Kalbfleish,* 16 Abb. [N. S.] 13; *Waring* v. *Chamberlain,* 48
Wkly. Dig. 564.)

*Howard Chipp* and *Charles F. Cantine* for respondent.
The question is not a proper one to be certified to this court.
(*Read* v. *McCord,* 160 N. Y. 330; *Sciolina* v. *Erie P. Co.,*
151 N. Y. 50; *Welsh* v. *Darragh,* 52 N. Y. 590; *Cassidy* v.
*McFarland,* 139 N. Y. 201; *Hossack* v. *Heyerdahl,* 6 J. &
S. 391; 60 N. Y. 634.) The claim herein constitutes a long
account, within the meaning of section 1013 of the Code of
Civil Procedure. (*Clinch* v. *Henck,* 49 App. Div. 183; *Ran-
dall* v. *Sherman,* 131 N. Y. 669; *Feeter* v. *Arkenburgh,* 147
N. Y. 237.) Each item of the bill of particulars served repre-
sents a separate and entire transaction, and the bill as a whole
constitutes a long account, in that it presents numerous and
unrelated items of service. (*Richards* v. *Stokes,* 1 App. Div.
307.) Not only are the items numerous and unrelated to each
other, but they are practically all disputed, and common-law
proof must be given of the extent and value of each service.
(*Dwight* v. *G. L. Ins. Co.,* 84 N. Y. 493; *Matthews* v. *Hub-
bard,* 47 N. Y. 428; *Bowman* v. *Earle,* 3 Duer, 691; *Jack-
son* v. *Doherty,* 17 Misc. Rep. 629; *Morrison* v. *L'Homme-
dieu,* 44 N. Y. Supp. 79.) The moving papers having shown
numerous items unrelated to each other, each of which is the
subject of separate proof, a long account existed and the refer-
ence was properly ordered. (*Spence* v. *Simis,* 137 N. Y.
617; *Clinch* v. *Henck,* 49 App. Div. 183.) The contention
that the court was compelled to refer to the complaint alone
and must ignore the bill of particulars and affidavit in ascer-
taining whether a long account was involved, is unfounded.
(*Bowman* v. *Earle,* 3 Duer, 691; *Melvin* v. *Wood,* 3 Keyes,
533; *Case* v. *Pharis,* 106 N. Y. 118; *Crawford* v. *Canary,*
28 App. Div. 135; *Spence* v. *Simis,* 137 N. Y. 616; *Cassidy*

v. *McFarland*, 139 N. Y. 201 ; *Welsh* v. *Darragh*, 52 N. Y. 591.)

MARTIN, J.  This appeal was taken by virtue of an allowance thereof by the Appellate Division of the Supreme Court. The question certified for review is, " Was the order of reference granted herein authorized by section 1013 of the Code of Civil Procedure ? "  The action was to recover for the professional services of the plaintiff's testator as an attorney and counselor at law.  They were performed under a general retainer to act for the defendants in probating the will of their testator and in performing " such acts as might be necessary, not only in respect to the probate of said will, but in connection with the management of the estate."  The services performed were of that character.  No issue is raised by the pleadings as to their performance, but the defendants deny that they were of the value alleged.

The only question of law is whether the trial of this case will require the examination of a long account within the meaning of section 1013, as interpreted by the decisions of the courts.  We think the question must be negatively answered.  Although that section has been the subject of many decisions by this and other courts in the state, which may not always have been in entire harmony, yet the facts and questions here involved are so similar in all essential respects to those in *Feeter* v. *Arkenburgh* (147 N. Y. 237) that the order appealed from cannot be sustained without disregarding or varying the doctrine of that case.  That we are disinclined to do, but think we should follow it and reverse the order appealed from.

The order should be reversed, with costs in all the courts, the motion denied, and the question certified answered in the negative.

PARKER, Ch. J., O'BRIEN, BARTLETT, VANN and LANDON, JJ., concur ; HAIGHT, J., absent.

Ordered accordingly.