CEYLON H. LEWIS and WILL B. CROWLEY, Respondents, *v.* HELEN J. SNOOK, Appellant.

*Compulsory reference — when granted in an action by attorneys for services rendered by them to their client — not avoided by a stipulation admitting certain facts.*

In an action brought by attorneys and counselors at law to recover for professional services alleged to have been rendered by the plaintiffs to the defendant, the complaint averred that the services were rendered in certain proceedings in the Surrogate's Court and in two actions in the Supreme Court. The items of disbursements set forth in the complaint numbered forty five, and ranged in amount from 25 cents to $83.80, making a total of $262.65. The items for services numbered forty, and ranged in amount from $10 to $150, making a total of $1,800. Payments aggregating $287.10 were admitted to have been made, leaving a balance of $1,779.55 as the sum claimed to be due.

The defendant interposed an answer, in which, among other things, she alleged that the services and disbursements in question were rendered and made for the defendant in her capacity as administratrix of a decedent; that the larger portion of such services were rendered under an arrangement between the plaintiffs and a third party, by which the plaintiffs were to receive, and did receive, from such third party a contingent fee for such services, which fee was claimed to be a set-off; that the value of the services rendered by the plaintiffs did not exceed the sum of $500, and that $559.10 had been paid to be applied upon the claim.

*Held*, that it was apparent that the trial would involve the examination of a long account, and that the issues were of such a character that a jury trial thereof would be impracticable;

That, consequently, a compulsory reference might, upon the application of the plaintiffs, be directed, pursuant to section 1013 of the Code of Civil Procedure;

That the necessity for the reference was not obviated by an affidavit stating that the defendant would admit, upon the trial, that the plaintiffs rendered the

services alleged to have been performed, leaving to be litigated the question as to their value, and that the defendant would also admit the amount of the various items of disbursements, but would urge that such disbursements were not chargeable to the defendant.

SPRING and WILLIAMS, JJ., dissented.

APPEAL by the defendant, Helen J. Snook, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 13th day of July, 1903, referring the issues herein to a referee to hear, try and determine the same upon the ground that the trial of said issues would involve the examination of a long account.

The action was commenced on the 20th day of December, 1902, to recover the value of services alleged to have been rendered for the defendant, and for moneys paid out for and on her behalf.

*George H. Sears,* for the appellant.

*Will B. Crowley,* for the respondents.

McLENNAN, P. J.:

The plaintiffs are attorneys and counselors at law engaged as copartners in the practice of their profession in the city of Syracuse, N. Y. In the complaint and moving affidavits it is alleged that the defendant is indebted to the plaintiffs in the sum of $1,779,55, being the balance claimed to be due and owing to them on account of legal services rendered to and moneys paid out for the defendant in certain actions and legal proceedings conducted by them during a period of five years, commencing in the year 1897. It is stated, in substance, that such indebtedness was incurred :

*First.* In and about the probate of the last will and testament of one Harriet White, deceased, in which the defendant was named as legatee ; in resisting the issuing of letters testamentary to the person named as executor in said will; in procuring the defendant to be appointed administratrix of the estate; all in the Surrogate's Court of Onondaga county; and in giving counsel and advice to the defendant prior to the probate of the will, and afterwards to her as administratrix in matters relating to the general management of the estate.

*Second.* In and about an action in the Supreme Court in which the defendant was sole plaintiff, brought to recover certain shares of

bank stock bequeathed to the defendant by the will of Harriet White, deceased, and which had been procured to be assigned by her to another by means of fraud.

*Third.* In and about an action in the Supreme Court brought by the defendant as administratrix to recover for the estate of Harriet White, deceased, other shares of bank stock which the deceased had been induced to assign to another by fraudulent means.

The items of disbursements which are set forth in the complaint number 45; amount to $262.65, and range in amount from 25 cents to $83.80. The items for services number 40; range from $10 to $150, amount to $1,800, making a total of $2,066.65. It is alleged that payments aggregating $287.10 were made by the defendant to apply on said account at four different times, leaving said balance of $1,779.55, claimed to be due and owing to the plaintiffs from the defendant.

The defendant, by her answer, denies all the allegations of the complaint which relate to the merits. For a separate defense she alleges that all the services rendered and disbursements made by the plaintiffs were rendered and made for the defendant " as administratrix with the will annexed of the goods, chattels and effects of Harriet White, deceased, and were not rendered for this defendant or against this defendant personally, and were rendered and made with the understanding that the same were to be a claim only against this defendant as such administratrix;" that the plaintiffs have not performed the amount of services specified in the complaint; that the services rendered by the plaintiffs were not of the value claimed, and in fact did not exceed in value the sum of $500.

For a further answer it is alleged that the plaintiffs were paid at four different times sums aggregating $559.10 to apply upon their alleged demand, which amount is set up as an offset and counterclaim to plaintiffs' cause of action.

As a still further defense defendant alleges that the greater part of the services rendered and disbursements made by the plaintiffs were so rendered and made pursuant to an agreement entered into with one Harriet Klock, who was named as legatee in the will of Harriet White, deceased, by which the plaintiffs undertook to recover the amount of such legacy for the one-half of the amount so recovered, and that pursuant to such agreement the plaintiffs recovered

said interest and received one-half thereof, to wit, $650, which sum the defendant pleads as payment, offset and counterclaim.

It is claimed in substance that the greater part of the services rendered and disbursements made were rendered and made for the plaintiffs themselves and for their benefit to enable them to obtain the contingent fee to which they were entitled under the agreement alleged to have been made with Harriet Klock.

An examination of the allegations of the parties, as set forth in the moving papers and answer, makes it apparent that a trial of the issues would not only involve an examination of a long account, but also that they are of such a complicated nature as to render a proper determination by a jury practically impossible. A jury would be called upon not only to keep in mind the amount of each of nearly one hundred items and to pass upon the value of each item of service, but in addition must determine which items proven to be correct were chargeable to the defendant individually, to her as administratrix, or referable to the agreement alleged to have been entered into between the plaintiffs and Harriet Klock. According to defendant's answer the claim of the plaintiffs should be divided into at least three and perhaps four separate accounts, for only one of which, in any event as is claimed, is the defendant liable, even if she fails to establish her defense of payment.

This complicated condition of affairs is sought to be obviated and simplified to some extent by the admissions or stipulations contained in the opposing affidavits. In the affidavit made by Clinton Snook, the husband of the defendant, it is stated that the defendant will admit, upon the trial of the action, that the plaintiffs rendered the services alleged in the complaint to have been performed by them, but there is still an issue as to the value of such services and for whom rendered. The amount of the various items of disbursements is admitted to be correct, but it is still insisted that such disbursements are not chargeable to the defendant. It is, therefore, apparent that the admissions contained in the answer would aid very little in determining the rights of the parties. The value of every one of the forty items for services must be proven, and it must be ascertained which, if any, of them are chargeable to the defendant individually, or to her in some other capacity, or at all. So with reference to the items of disbursements; while the amount is not in

dispute, it must be decided to which one of the four accounts each item belongs.

If the contention of the plaintiffs is correct, their claim did not result because of a single retainer to conduct a single action, but on account of several distinct employments for the institution and prosecution of independent proceedings. Considering all the allegations of the parties, we are constrained to hold that a proper case was presented to the Special Term for a compulsory reference within the meaning of section 1013 of the Code of Civil Procedure.

We are not unmindful of the rule that "the court refers actions, brought by attorneys to recover the value of legal services, with much reluctance, and only when  *  *  *  it would be impracticable to try the case with a jury." (*Watson* v. *Cooley*, 18 N. Y. St. Repr. 880.)

The rule adverted to is, for obvious reasons, a salutary one, but it should not be interpreted so as to put attorneys entirely outside the pale of section 1013 of the Code.

The correct rule is stated in *Ruger* v. *Belden* (27 Hun, 405; affd., 91 N. Y. 646) as follows: "Action for attorney's services. The services were rendered in several different actions or proceedings running through a period of six years. According to the affidavits on the part of the plaintiffs and the pleadings, the services were rendered under several separate retainers, and the Special Term is deemed to have so held. The value of the services is put in issue by the pleadings, and the trial will involve the examination of a large number of items of service, with a view of determining the value of each. We think the action is referable."

In *Richards* v. *Stokes* (1 App. Div. 308) the court said: "In view of the position of the plaintiffs as counsel for the defendant in looking after his individual interest, and their retainer by the executors of the will of James Stokes, deceased, accepted with the knowledge and consent of the defendant, it would be impossible for any jury to separate the services which were rendered for the estate and those which were rendered for the defendant individually."

The language of the learned justice is applicable to the facts of the case at bar, and in fact that case in all its important features, except as to the amount involved, is almost exactly like the one before us. The opinion delivered by Mr. Justice VAN BRUNT in

that case will be found to be a clear exposition of the law, and equally as applicable to the facts of the case which we are now considering as to the facts of the case in which the opinion was written, and very clearly demonstrates that this case was referable, within the meaning of the section of the Code referred to. To the same effect is *Clinch* v. *Henck* (49 App. Div. 183); *Hedges* v. *Methodist Church of Williamsburgh* (21 Misc. Rep. 174).

The amount of plaintiffs' claim should have no bearing upon the decision of this appeal, for we must assume that the referee to whom the issues have been referred will properly determine the value of the services rendered to the defendant, as well as all other questions involved.

We conclude that the trial of the issues raised by the pleadings even as modified by the affidavits, necessarily involves the examination of a long account, and of such a character as to make the trial of such issues by a jury impracticable.

The order appealed from should be affirmed.

All concurred, except SPRING, J., who dissented in memorandum in which WILLIAMS, J., concurred.

SPRING, J. (dissenting):

The amount of disbursements contained in the itemized bill of the plaintiffs is conceded and that the services set forth were actually performed as claimed by the respondents. A stipulation covering these items or facts could be made as a condition of refusing to refer the case.

Eliminate these questions and we have a controversy as to whether the services were actually rendered for the appellant. That certainly is a question of fact which a jury should pass upon and particularly so as the parties pressing the claim were lawyers.

That leaves as substantially the only question the value of the services rendered by the plaintiffs. It is quite obvious, reading between the lines, that the value of these services is the only question which will be litigated upon this trial. I am unable to find a case where a reference has been ordered when the issue, however extended it may be or however numerous the items, simply involved the value of the services which go to make up the account.

In any action where an attorney sues for services extending over

a series of years involving trials and appeals he may make up an extended itemized account. In one case, where a reference was denied, these items aggregated 150 in number (*Feeter* v. *Arkenburgh*, 147 N. Y. 237); in another 125 items (*Spence* v. *Simis*, 137 id. 616). The courts, I find, are very chary, and properly so, about granting compulsory orders of reference in actions brought by attorneys. (*Cantine* v. *Russell*, 168 N. Y. 484; *Hedges* v. *Methodist Protestant Church*, 23 App. Div. 347; *Randall* v. *Sherman*, 131 N. Y. 669.)

Attorneys representing plaintiffs are very reluctant to have questions of fact in common-law actions taken from the jury, and they of all litigants ought to be willing to adhere rigidly to the rule that the jury is the tribunal for their determination.

Assuming that there are questions of a "complicated nature" involved, that furnishes no reason why an order of reference should be directed against the protest of the defendant. The only ground upon which the order of reference can be sustained is that it involves the examination of a long account. If the questions of a "complicated nature" are of law, that is a reason specifically stated in the statute (Code Civ. Proc. § 1013) why the order of reference should not be granted. If these intricate questions are of fact, it is no reason for granting the order.

I think the order should be reversed.

WILLIAMS, J., concurred.

Order affirmed, with costs.