(110 App. Div. 602)

MOYER v. VILLAGE OF NELLISTON.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

1. REFERENCE—ACTION FOR ATTORNEY'S FEES.

In an action by an attorney against a town for services in a certiorari proceeding, the items of a bill of particulars served before trial all related to the proceeding alleged in the complaint, except two items stated to be in a second case, and two similar items in a third case. In opening the case to the jury, plaintiff stated that the services were rendered in three proceedings, some of them before, and some after, such proceedings were joined, and suggested a reference, to which defendant objected, claiming that the complaint alleged but one proceeding, that the evidence must be confined to that, and that in any event the three proceedings before amalgamation were all similar. *Held*, that defendant could not properly be required to waive its objection that proof could only be received as to one proceeding under the complaint, and to try all the items as a whole under penalty of a reference being ordered.

2. SAME.

The discussion before the court as to the manner of trial was insufficient to take the case out of the general rule that, in an attorney's action for services in such cases, a reference should not be ordered.

Appeal from Trial Term.

Action by Irving Moyer against the village of Nelliston. From an order of compulsory reference, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

A. M. Mills, for appellant.
Andrew J. Nellis, for respondent.

JOHN M. KELLOGG, J. The complaint alleged the services of the attorney in a certiorari proceeding by the New York Central Railroad to review an assessment, and the value of the services at $2,005, admitting payment of $100. The answer denied the value of the services, and alleged that the plaintiff was the village attorney at an agreed compensation of $100 per year, and that the services were rendered by him as such attorney, and the said $100 had been paid. A bill of particulars was served before trial, containing some 90 different items of services, all of which related to the proceeding alleged in the complaint, except two items aggregating $95 were stated to be in a second case, and two similar items as in a third case.

It is well settled that a reference cannot be ordered in an attorney's action for services in cases substantially like this. Cantine v. Russell, 168 N. Y. 484, 61 N. E. 769; Feeter v. Arkenburgh, 147 N. Y. 237, 41 N. E. 518.

But the respondent claims that the colloquy between court and counsel upon the trial shows that this is referable, and distinguishes it from the above cases. In opening the case to the jury the plaintiff

stated that the services were rendered in three proceedings, and were some of them before, and some after, the proceedings were joined, and that many of the items related to each separate proceeding, and suggested that if the case was referable it might better be referred then than after the evidence was partly in. The defendant objected to the reference, and claimed that the complaint alleged but one proceeding, and the evidence must be confined to that, and that in any event the three proceedings before amalgamation were all similar. The court suggested that, if the value of the services could be determined as a whole, the reference would be denied; that under the pleadings and bill of particulars the court must hear the evidence as to each proceeding before amalgamation as well as after, and would not exclude the proof of any of the proceedings, ruling that, unless it was stipulated to try the matter as a whole, a reference would be ordered. The plaintiff refused to try it as a whole, to which the court replied:

"If you will try the case as to the value of the services in each case until the amalgamation, and then after that as a whole, I will submit those four items to the jury."

The defendant refused to consent to try the cases as a whole, and thereupon the order of reference was made over the defendant's objection. Having objected that proof could only be received as to one proceeding under the complaint, the defendant could not properly be required to waive that objection and try all the items as a whole. It would seem, if the services were rendered in three different cases, the defendant's objection was good; if there was but one case by reason of the amalgamation, then the order of reference was clearly improper. The plaintiff was at liberty to prove his case in his own way, if he kept within the rules of practice, and the defendant had the right to inquire as to the time spent on each item and the value of each item of services; it had the right during the trial to defend itself in such proper manner as the rules of practice permitted, and the court could not in advance require it to agree upon a certain method of trial or else force upon it a reference. If the discussion before the court as to the manner of trial is sufficient to distinguish this case from the ones cited, the same discussion might well arise in every attorney's action for services, and a reference be thus forced, for this case seems to be the ordinary action brought by an attorney to recover for his services, and is well within the rule of the cases above cited.

The order appealed from is therefore reversed, with $10 costs and disbursements to the appellant. All concur.