(94 Misc. Rep. 659)

ELLSWORTH COLLIERIES CO. v. PENNSYLVANIA R. CO. et al.

(Supreme Court, Special Term, Erie County.   April, 1916.)

REFERENCE ⊙═➡8(1)—COMPULSORY REFERENCE—GROUNDS.

Where, in an action for the value of coal shipped in 3,678 freight cars during 3½ years and lost in transit, it appears that the trial will involve the examination of a long account and proof of the weight of the coal in each of the cars at point of shipment and point of destination, and that the issues are such that a jury trial thereof will be impracticable, a motion for a compulsory reference will be granted.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 13, 14, 20; Dec. Dig. ⊙═➡8(1).]

Action by the Ellsworth Collieries Company against the Pennsylvania Railroad Company and another.   On motion for compulsory reference.   Motion granted.

Rogers, Locke & Babcock, of Buffalo (Ansley W. Sawyer, of Buffalo, of counsel), for plaintiff.

Frank Rumsey, of Buffalo (Harold J. Adams, of Buffalo, of counsel), for defendant Pennsylvania R. Co.

Hoyt & Spratt, of Buffalo (Dean R. Hill, of Buffalo, of counsel), for defendant New York Cent. & H. R. R. Co.

BISSELL, J.   This is a motion by plaintiff for a compulsory reference, under section 1013 of the Code of Civil Procedure, on the ground that the trial of the action will necessarily involve the examination of a long account and will not involve the decision of difficult questions of law.

The action is brought to recover the value of various quantities of coal shipped by the plaintiff at Ellsworth, Pa., to Buffalo, N. Y., in 3,678 freight cars over the defendants' railroads on divers dates during a period of 3½ years, and claimed to have been lost in transit.   The only issue of fact to be determined is the loss of the coal in transit, and proof upon this issue involves proof of the weight of the coal in each of the cars in which it was shipped at the point of shipment and at the point of destination, and will necessarily involve the examination of a long account, while the only question of law is whether the defendants are liable for the loss of the coal in transit.

The test in such a case is whether each item of the plaintiff's claim must be examined and proved as if it were a separate cause of action, and whether the jurors can carry in their minds and keep separate the various details of such items.   Clinch v. Henck, 49 App. Div. 183, 62 N. Y. Supp. 1058.   The answers of each of the defendants contain general denials of the allegations that the coal shipped by the plaintiff was not delivered at the point of destination.   I am of the opinion that the trial will involve the examination of a long account and that the issues are of such a character that a jury trial thereof would be impracticable.   Lewis v. Snook, 88 App. Div. 343, 84 N. Y. Supp. 634. The motion for a compulsory reference is granted.

Motion granted.

⊙═➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes