JACOB W. FEETER, Respondent, *v.* ELIZA J. ARKENBURGH, Appellant.

COMPULSORY REFERENCE — LONG ACCOUNT. In an action to recover for services alleged to have been rendered by plaintiff as an attorney, the complaint alleged an indebtedness for drawing, copying and engrossing various instruments, examining accounts of certain executors and attending the accounting of the executors before the surrogate, and in counseling and advising the defendant concerning her rights, duties and obligations as an executrix, and for divers journeys and other attendance in and about the business of defendant at her request, and for money paid, laid out and expended by plaintiff in and about defendant's business. Attached to the complaint and made a part thereof, was a bill containing about 150 items. The answer denied the allegations of the complaint; and upon motion of plaintiff an order of reference was granted. *Held,* error; that the bill of items showed that plaintiff's services were confined mainly to looking after the interests of defendant ·as an executrix of a single estate and one or two personal matters, and related substantially to one transaction, and was not a long account within the meaning of section 1013, Code of Civil Procedure.

Mem. of decision below, 87 Hun, 619.

(Argued October 7, 1895; decided October 15, 1895.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department made May 17, 1895, which affirmed an order of Special Term directing a reference to hear and determine.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles E. Souther* for appellant. There was no proof that the trial would ·involve the examination of a long account.

(*Camp* v. *Ingersoll*, 86 N. Y. 435 ; *Randall* v. *Sherman*, 131 N. Y. 669.) The Special Term attempted a distinction, that while the items charged " are in the matter of one estate, yet they seem to be, according to the bill of items annexed to the complaint, connected with different matters in which the estate was interested." This is untenable. (Code Civ. Pro. §§ 964, 968, 1013 ; *Steck* v. *C. F. & I. Co.*, 142 N. Y. 236 ; *Townsend* v. *Hendricks*, 40 How. Pr. 162.)

*Jacob F. Miller* and *August Reymert* for respondent. Section 1013 of the Code provides that the court may " direct the trial of the issues of fact by a referee, where the trial will require the examination of a long account on either side, and will not require the decision of difficult questions of law." (*Welsh* v. *Darragh*, 52 N. Y. 592.) The referability of an action depends upon the complaint. (*Steck* v. *C. F. & I. Co.*, 142 N. Y. 237.) The items of work done do not relate to one transaction simply. They relate to several distinct transactions. No discrimination should be made against the plaintiff, because he is a lawyer, or because his bill is for attorney's fees. There is no legal reason why an action for services performed by an attorney should not be referred. (*Bamberger* v. *Duden*, 9 N. Y. S. R. 685 ; *Harris* v. *Aktieboleget Separator*, 21 N. Y. S. R. 184 ; *Stebbins* v. *Cowles*, 4 Civ. Pro. Rep. 382 ; *Byrne* v. *Delamater*, 1 Law Bull. 62 ; *Eldridge* v. *N. Y. & B. B. R. R. Co.*, 10 Wkly. Dig. 501 ; *Carr* v. *Berdell*, 2 Hun, 130 ; *Hale* v. *Swinburne*, 17 Abb. [N. C.] 381 ; *Robinson* v. *N. Y., L. E. & W. R. R. Co.*, 66 N. Y. 11 ; *Schemerhorn* v. *Wood*, 4 Daly, 158 ; 70 N. Y. 101.) The order being discretionary is not reviewable by this court. (*Martin* v. *W. H. Co.*, 70 N. Y. 101 ; *Harrington* v. *Bruce*, 84 N. Y. 104 ; *N. S. & L. Bank* v. *M. N. Bank*, 89 N. Y. 441.)

BARTLETT, J. The plaintiff, as an attorney and counselor at law, sued the defendant to recover $2,259.84 and interest for services rendered upon her retainer in drawing, copying and engrossing various instruments, examining accounts of

certain executors and attending the accounting of the executors before surrogate, and in counseling and advising the defendant concerning her rights, duties and obligations as an executrix, and for divers journeys and other attendances in and about the business of defendant at her request, and for money paid, laid out and expended by the plaintiff at her request in and about her business.

The complaint refers to and makes a part thereof, a bill of items annexed, which covers some sixteen pages of the printed record.

The answer denies the allegations of the complaint.

The plaintiff moved for an order of reference on the ground that the trial of the issues involved the examination of a long account.

The motion was opposed, but the Special Term of the Supreme Court in the city of New York granted an order of reference and the General Term affirmed.

This court held (*Randall* v. *Sherman,* 131 N. Y. 669) that in an action by an attorney to recover for his services in defending a certain suit upon a retainer he was not entitled to an order of reference for the reason he had rendered an account or bill itemizing his services.

It was pointed out that his cause of action was single as his contract was entire, although it required distinct items of service on his part before his duty was fully discharged to his client.

In the case at bar the learned judge at Special Term was of opinion that while the plaintiff's services were rendered in one estate yet they were so connected with different matters in which the estate was interested as to give the bill of items the character of a long account within the statute requiring the plaintiff to prove specifically services in disconnected matters.

The General Term followed this reasoning, writing no opinion.

We cannot agree with the court below, and are of opinion that this case is not referable.

The complaint avers a retainer of plaintiff by defendant,

and the bill of items shows that plaintiff's services were confined mainly to looking after the interests of defendant as executrix of Robert H. Arkenburgh's estate and one or two personal matters.

A very large part of the bill of one hundred and fifty items is made up of charges for consultations with the defendant and others connected with the estate and for writing nearly one hundred letters, each of which is represented by a separate item.

The balance of the bill, with the exception of a very few items, is made up of the usual professional services incident to attending before the surrogate in an executorial accounting.

The other principal items were attending a sale by executors of real estate at Rahway, New Jersey; attending a like sale of 98th street lots in the city of New York and attending and closing purchase of 127 and 129 West 75th street by defendant.

This bill is not a long account within the meaning of section 1013 of the Code of Civil Procedure, and proof of plaintiff's claim can be readily made under a few general items and within the reasonable limits of a jury trial.

We do not mean to intimate that the relation of attorney and client may not, under certain special circumstances, involve a long account, but we hold that this is not such a case.

The orders of the Special and General Terms should be reversed, with costs.

All concur.

Orders reversed.