plaintiff on the ground that the demurrer was frivolous, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, and INGRAHAM, JJ.

B. F. Einstein, for appellant.

Franklin Bien, for respondent.

PER CURIAM. The words claimed to be libelous are not in terms alleged to be spoken of and concerning the plaintiff. The learned judge below held that equivalent words are alleged. This, however, does not seem to be borne out by what was actually alleged. The allegation was that the words were published with the malicious intent and purpose to injure the business of the plaintiff. This is not an averment that the words were spoken of and concerning the plaintiff, nor is it equivalent thereto. The same observations apply to the other statements referred to by the learned judge. It is quite clear, at all events, that whether the words stated were equivalent to the necessary words was not so evident as to justify the treatment of the demurrer as frivolous. The parties should at least have been permitted to argue the demurrer in the ordinary course at special term.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

---

(7 App. Div. 306)

### WEBER et al. v. HEARN.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

1. REFERENCE—ACTION TO FORECLOSE MECHANIC'S LIEN.

    A compulsory reference may be ordered in an action to foreclose a mechanic's lien. Tooker v. Rinaldo, 11 Hun, 154, followed.

2. SAME—LONG ACCOUNT.

    A reference will be ordered in an action to recover a balance for work performed and materials furnished under a contract and for extra work, where defendant denied that the work performed and materials supplied were of the value alleged, and the items of the account are very numerous on both sides, and each item must be investigated before the balance can be ascertained, though issues of fact are involved not relating to the account.

Appeal from special term, New York county.

Action by John Weber & Co. against George A. Hearn. From an order granting a compulsory reference, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

J. Delahunty, for appellant.

A. J. Simpson, for respondents.

PATTERSON, J. This is an appeal from an order directing a compulsory reference in an action to foreclose a mechanic's lien. It is suggested on the part of the appellant that it is not proper

to order a reference, in an action of this character, against the objection of a party; but that question was set at rest by this court in the case of Tooker v. Rinaldo, 11 Hun, 154, which was an action to foreclose a mechanic's lien, and in which an order directing a reference upon the ground that an examination of a long account was involved was affirmed by the general term. While there are issues of fact, not relating to an account involved in this action, it is evident from the pleadings that a judgment for the plaintiff on the whole case cannot be rendered without the examination of a long and complicated account. The plaintiff sues to recover for work, labor, and services rendered and materials furnished under a contract, and also for extra work; and the defendant denies that the work, labor, and services were performed, and the materials supplied were of the value stated in the complaint, or that the extra work and materials furnished were of the value as stated in the complaint. The amount claimed by the plaintiff under both these heads is something like $22,000, the resulting balance after crediting payments made by the defendant. The account which appeared before the court on this motion extends over no less than eight printed pages of the appeal book, and the form of the defendant's answer is such as to require an examination of this account before any result could be arrived at upon which to base a judgment for the plaintiff on that branch of the case. There is nothing in the case of Feeter v. Arkenburgh, 147 N. Y. 237, 41 N. E. 518, nor in any of the cases cited by the appellant, affecting the question as it is presented here. The items are not such as appear in attorney's bills, where a great number of charges are made for separate services in one particular subject of employment; but under this complaint the value of a great amount of different materials must be proven, and each item is to be investigated almost as if it were the subject of a separate action, and matters of payment and allowance are also involved. An inspection of the account before the court on this motion demonstrates that the work and labor done and the materials furnished extend over a long period of time, and the affidavits show that the examination and dissection of a long account will be absolutely necessary to the plaintiff's establishment of his cause of action. This is not a case in which the defendant asks a trial by jury of his counterclaim for damages, for he concedes the issues should be tried by the court.

The order appealed from must be affirmed, with $10 costs and disbursements.

VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ., concur.

BARRETT, J. I place my concurrence upon the ground that it does not appear that the contract referred to in the complaint contained a provision to pay an agreed sum for specified work. On the contrary, the complaint states that the services rendered and materials furnished "were of the value of $60,090.34, part of which, to wit, $48,346, was pursuant to a written contract, * * * and the balance of which, to wit, $11,744.34, was pursuant to further and

additional directions, instructions, and orders given  *  *  *  during the progress of said work." A payment of $38,000 is admitted, leaving a general balance of $22,090.34. It thus impliedly appears that the work, labor, and services rendered under the contract are as much the subject of a quantum meruit as those rendered under the claim of extra work. If the contract had specified a fixed sum to be paid for the particular job, the case would not be referable compulsorily merely because the contract issues were supplemented by other issues relating to numerous items of extra work. The defendant in that case could not be deprived of his trial by the court in the ordinary way, with regard to the contract issues, because the incidental extra work happened to involve a long account. In such a case the court should, as was said in Blake v. Harrigan, 14 N. Y. Supp. 663, try the main issues upon the contract, and then send the long account of extra work to a referee, if necessary. Upon the record as here presented, I agree that the presumption is in favor of the order appealed from. It fairly appears that the trial of all the issues raised by the complaint and answer will necessarily involve the examination of a long account. The order should, for these reasons, as well as those assigned by Mr. Justice PATTERSON, be affirmed, with costs. All concur.