(22 App. Div. 584.)

ABBOTT v. CORBIN.

(Supreme Court, Appellate Division, Third Department. December 7, 1897.)

1. REFERENCE—SELECTION OF REFEREE.

    Reference of an attorney's account for professional services to another attorney as referee should be avoided by the court, where there is good reason to suppose, from the face of the claim, that resistance on the ground of exorbitance and oppression, or incompetence and negligence, may be proved to be well founded.

**2.** SAME—WHEN GRANTED.

In an action by an attorney on an account for services, where the complaint is not verified; where the account is composed of several items, which refer to services in but three separate actions; where the defense of limitations is made to the remainder of the items, which are not dated, and no reply is filed in the moving affidavit,—plaintiff is not entitled to a reference for examination of the accounts.

Appeal from special term.

Action by Vasco P. Abbott against Jay S. Corbin. From an order of reference, made on application of plaintiff, defendant appeals. Reversed.

The action is one by the plaintiff for professional services alleged to have been rendered from and including the year 1885 to and including the year 1895. The order of reference was made upon motion of the plaintiff against the opposition of the defendant.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Fred H. Norton, for appellant.

Arthur H. Abbott, for respondent.

HERRICK, J. We adopt and approve the language of the court in Martin v. Hotel Co., 10 Hun, 304, as follows:

"There is no fixed rule which prevents the reference of an attorney's account for services to another attorney, and yet courts should be careful to avoid referring such cases to members of the same profession, where there appears upon the face of the claim good reason to suppose that the client's resistance on the ground of its exorbitance and oppression may prove to be well founded. It is not because such references will not do equal and full justice to the parties, but because of a general impression that, on questions of compensation for legal services, lawyers may not be, and sometimes are not, unprejudiced in determining values. A physician is not chosen as referee on physicians' accounts, nor are clergymen when a pastor sues for the value of his services, and so, also, as to all other trades and professions; and in the popular mind it is, not without some show of reason, thought invidious that lawyers should be selected to determine the claims of lawyers. It is better for the profession and for the courts that this should not be so, and the honor and well-being of the profession requires that lawyers should not be thought to shirk from an examination of their charges by a jury enlightened by the opinions of other lawyers as witnesses and by the instructions of the courts."

In the case now before us one of the defenses asserted by the defendant is the alleged negligence and incompetency of the plaintiff. What the court said in Martin v. Hotel Co., as to the impression that referees might not be unprejudiced in determining the value of professional services applies with additional force when they are called upon to pass upon the competency or incompetency of the lawyer rendering those services. It has also been held that an action to recover damages arising from the alleged negligence of an attorney, or want of skill on his part, is not referable. Hoffman v. Sparling, 12 Hun, 83. In ordinary cases it has been held that it is not sufficient, to uphold a compulsory order of reference, to demonstrate that there is a possibility that in the course of the trial an investigation as to the correctness of such account may become necessary, and that a party cannot deprive his adversary of a trial by jury unless it affirmatively, and with reasonable certainty,

appears that the trial of the case will require an investigation of a long account. Facts must be disclosed, either by affidavit or upon the face of the pleadings, from which the conclusion can be fairly drawn that so many separate items of account will be litigated on the trial that the jury cannot keep the evidence in mind in regard to each of the items, and give it its proper weight and application. Thayer v. McNaughton, 117 N. Y. 111, 22 N. E. 562; Spence v. Simis, 137 N. Y. 616, 33 N. E. 554. An attorney bringing an action for his services, and desiring a reference thereof, should be compelled to make it very clearly appear that the trial of his action will, not possibly or probably, but necessarily, involve the examination of a long account, so that the court will have no alternative but to make the order asked for. The plaintiff in this case I do not think has in that respect met the burden resting upon him. The complaint is unverified. Attached to it is a schedule of items of his account against the defendant. A great number of these items arise out of services alleged to have been performed in three separate actions, wherein he appeared and acted for the defendant. Within the cases of Randall v. Sherman, 131 N. Y. 669, 30 N. E. 589, and Feeter v. Arkenburgh, 147 N. Y. 237, 41 N. E. 518, the services rendered by him in each of those actions are essentially single, although requiring distinct steps and proceedings on his part, so that each action, together with all the services and proceedings in it, constitutes but a single item, and thus all together they constitute but three items of account. In his schedule are several other items not embraced within the three actions referred to. The dates of the rendition of the service specified in these items are not set forth in the schedule attached to the plaintiff's complaint, but their dates are set forth in the defendant's answering affidavit upon this motion, and declared by him not to constitute a portion of the services in either of said actions, and they appear to have been rendered, if at all, prior to the year 1888. One of the defenses asserted by the defendant in his answer to the claim of the plaintiff is the statute of limitations. To this there is no reply upon the part of the plaintiff in his moving affidavit. If that defense is well founded, there will be no occasion to examine into any portion of the plaintiff's account above referred to. So far as the pleadings are concerned, color is lent to that defense by the fact that the plaintiff's complaint states that his services commenced in 1885, and by the fact that no dates are given in the schedule attached to the complaint. It may be that the plaintiff can show matter in avoidance of the statute, but he has not done so. His moving affidavit is silent upon that question. So that neither from the pleadings nor from the moving affidavit, nor from both together, does it affirmatively appear that the trial of this action will necessarily involve the examination of a long account.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.