### HEDGES v. METHODIST PROTESTANT CHURCH OF VILLAGE OF WILLIAMSBURGH.

(Supreme Court, Appellate Division, First Department.     December 10, 1897.)

REFERENCE—WHEN PROPER—LONG ACCOUNT.
To justify an order of reference, in an action to recover the value of attorney's services, on the ground that the examination of a long account is involved (Code Civ. Proc. § 1013), it must be shown that so many distinct items will be litigated that the jury could not keep the evidence in mind, and give it proper weight and application; and the mere fact that the services relate to one action, four mandamus proceedings, two street openings, and for drawing sundry contracts or documents, does not necessarily make out such a case.

Appeal from special term.

Action by Job E. Hedges against the Methodist Protestant Church of Williamsburgh. From an order of reference, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

O. Powell, for appellant.

H. W. Thomas, for respondent.

PATTERSON, J. The facts set forth as the foundation of the motion for a reference of this cause were not sufficient to justify the order made, and from which this appeal is taken. The action is to recover the value of attorney's services. It appears that the plaintiff was employed and rendered service for the defendant in one action, four mandamus proceedings, two street openings, and that he prepared certain documents and contracts for the defendant. The only ground upon which an action of this character can be referred is that it necessarily involves the examination of a long account. Code Civ. Proc. § 1013. Every charge that may be dissected and distributed over a great number of items does not necessarily make a long account, within the meaning of the section of the Code controlling that subject. Thus, in the case of Spence v. Simis, 137 N. Y. 616, 33 N. E. 554, there was a claim made by an attorney for services in four suits, his bill of particulars containing 125 items. It was held that a compulsory reference could not be ordered, reversing the court below. In Feeter v. Arkenburgh, 147 N. Y. 237, 41 N. E. 518, in an action upon an attorney's bill containing 150 items and three separate subjects of employment, it was held that the action was not referable, reversing the court below. The real test is that defined in Spence v. Simis, supra, namely, that, to justify an order of reference in a case of this character, "facts must be disclosed, either by affidavit or upon the face of the pleadings, from which the conclusion can fairly be drawn that so many separate and distinct items of account will be litigated on the trial that the jury cannot keep the evidence in mind in regard to each of the items, and give it the proper weight and application when they retire to deliberate upon their verdict." There is nothing in the papers in this case which would indicate that an average jury could not fully bear in mind and appreciate the evidence relating to the nature and value of an attorney's services in one action, four mandamus proceedings, two street openings, and for drawing contracts or documents. All mandamus proceedings are in their general formal character alike, as are also street-opening proceedings, and an action such as this is so simple in its structure, and the evidence required to establish the plaintiff's claim so easily comprehended, that no reason exists for any other method of trial than that to which a defendant is ordinarily entitled in common-law cases.

The order should be reversed, with costs, and the motion for a reference denied, with costs. All concur.