### HOAR v. WALLACE et al.

.(Supreme Court, Appellate Division, First Department. December 31, 1897.)

REFERENCE—RECOVERY OF ATTORNEY'S FEES.

> To justify an order of reference, in an action to recover the value of attorney's services, on the ground that the examination of a long account is involved (Code Civ. Proc. § 1013), it must be shown that so many distinct items will be litigated that the jury could not keep the evidence in mind, and give it proper weight and application; and the mere fact that the services covered a period of 15 months, and relate to the judicial settlement of the accounts of defendants as executors under a will, proceedings by the board of health to compel the discontinuance of the use of a basement, an undefended action for rent due the estate, and 51 interviews and consultations with the defendants, with items of disbursements amounting to $63, does not necessarily make out such a case.

Appeal from special term.

Action by William Allan Hoar against Emilie F. Wallace and others. From an order referring the issues, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Wm. H. Hanford, for appellants.

David Gerber, for respondent.

O'BRIEN, J. The action is brought by an attorney to recover for professional services. The answer admits the employment, but denies the services to the extent alleged, or that they were of the value claimed. The services covered a period of 15 months, and were rendered in connection with the judicial settlement of the accounts of the defendants as executrixes and executor under a will, proceedings instituted by the board of health to compel the discontinuance of the use of the basement of a house, and an action brought for rent due

the estate, which was undefended.　In addition, there are items cov-
ering 51 interviews and consultations with the defendants, which
enumeration embraces all the items of the bill of particulars, exclu-
sive of those relating to the disbursement of $63.82.

In Hedges v. Methodist Protestant Church (decided by this court
December 10, 1897) 48 N. Y. Supp. 154, in which reference is made
to the case of Feeter v. Arkenburgh, 147 N. Y. 237, 41 N. E. 518, the
rules to be applied in determining whether, in a suit by an attorney
for services, a compulsory reference should be granted or refused,
are so fully stated that it is unnecessary to repeat them.　In Feeter
v. Arkenburgh, supra, the attorney's bill included 150 items and 3
separate subjects of employment.　In Hedges v. Methodist Protest-
ant Church, supra, the services for which suit was brought included
one action, four mandamus proceedings, two street openings, and the
drawing of contracts and documents; and in both of those cases it
was held, reversing the court below, that the action was not refer-
able.　Richards v. Stokes, 1 App. Div. 305, 37 N. Y. Supp. 246, was
an extreme case.　The subjects of employment there were exceed-
ingly numerous.　"We are dealing," said the court, "with almost in-
numerable items of service, rendered under many retainers."　In the
case at bar the subjects of employment are not numerous, and the
items of the bill of particulars are not independent items of a long
account, within the meaning of that expression as used in the Code.

The order appealed from must therefore be reversed, with $10 costs
and disbursements, and the motion denied, with $10 costs to abide
the event.　All concur.