(28 Misc. Rep. 450.)

HOES v. ALLEN.

(City Court of New York, General Term.   June 29, 1899.)

REFERENCE—LONG ACCOUNT.
      Where a bill of items for an attorney's services in a partition suit merely
   included 35 per cent. of the amount recovered, and a specified sum paid
   to another attorney, the action is not referable, as involving a "long ac-
   count."

Appeal from special term.

Action by William M. Hoes, public administrator, against Frederick
G. Allen.   From an order directing a reference, plaintiff appeals.
Reversed.

Argued before CONLAN, SCHUCHMAN, and HASCALL, JJ.

Frank W. Arnold, for appellant.

John Holden, for respondent.

SCHUCHMAN, J.   The action is brought to recover of defendant
the sum of $2,028.28,—the interest of plaintiff's intestate in the pro-
ceeds of certain real estate sold under a judgment of partition and
sale, received by him as decedent's attorney.   The defendant claims
to have performed services and made disbursements for the decedent
aggregating $1,616.36, and admits his liability for the balance.   It
appears that defendant, as attorney of decedent, counterclaims for his
services in said partition the following items: 35 per cent. of $2,028.28,
$709.90; attorney's fees paid to Philo P. Safford, $350,—a total of
$1,059.90; while an extra allowance of $500 was already received by
him.   When such claims are made, it would be an injustice to deprive
the adversary of a trial by jury.   Defendant's professional services,
which are principally disputed herein, were rendered in one action;
and, although the bill of items particularizes them, that fact does not
bring the action into that class which becomes referable, as involving
a "long account," within the meaning of the term as it is used in the
Code, and as it has been construed by the courts.   Feeter v. Arken-
burgh, 147 N. Y. 237, 41 N. E. 518; Randall v. Sherman, 131 N. Y.
669, 30 N. E. 589; Spence v. Simis, 137 N. Y. 616, 33 N. E. 554;
Hedges v. Methodist Protestant Church, 23 App. Div. 347, 48 N. Y.
Supp. 154.

Order appealed from is reversed with costs and disbursements, and
motion denied, with $10 costs.   All concur.