HARNED v. SIEGEL-COOPER CO. (Supreme Court, Appellate Division, First Department. December 22, 1899.) Action by Katharine A. Harned against the Siegel-Cooper Company. No opinion. Motion granted, with $10 costs.

HARRINGTON, Appellant, v. CITY OF BROOKLYN, Respondent. (Supreme Court, Appellate Division, Second Department. November 21, 1899.) Action by Laura Harrington against the City of Brooklyn. No opinion. Order reversed, on argument, with costs to abide the event.

HARRISON, Appellant, v. EIGABROADT, Respondent. (Supreme Court, Appellate Division, Fourth Department. November 28, 1899.) Action by Charles E. Harrison, Jr., an infant, by Charles E. Harrison, Sr., his guardian ad litem, against Frank Eigabroadt. No opinion. Judgment and order affirmed, with costs.

In re HEALEY. (Supreme Court, Appellate Division, First Department. November 17, 1899.) In the matter of Eugene H. Healey. No opinion. Charges sustained.

HEDLEY, Appellant, v. MALONEY, Respondent. (Supreme Court, Appellate Division, Second Department. December 5, 1899.) Action by Robert Hedley against Michael J. Maloney. No opinion. Judgment of the municipal court affirmed, with costs, on argument.

HEIB, Respondent, v. TOWN OF BIG FLATS, Appellant. (Supreme Court, Appellate Division, Fourth Department. December 6, 1899.) Action by John Heib against the town of Big Flats. No opinion. Order reversed, without costs to either party, and motion granted, with $10 costs to abide the event.

HENESY v. GOLDBERG. (Supreme Court, Appellate Division, First Department. November 17, 1899.) Action by Clara A. Henesy against Emanuel T. Goldberg. No opinion. Motion granted, with $10 costs.

HERTZBERG, Appellant, v. BAYER et al., Respondents. (City Court of New York, General Term. January 3, 1900.) Action by Hugo Hertzberg against William Bayer and another. From an order striking the case from the calendar, plaintiff appeals. Reversed. William W. M. Speer, for appellant. Van Schaick & Norton, for respondents.

FITZSIMONS, C. J. In view of the affidavit submitted by plaintiff's attorney, sworn to in person, we think that the order appealed from should not have been granted. In the affidavit it appears that in April last this action appeared upon the day calendar. It also appears upon plaintiff's brief, submitted upon this appeal, that it was marked "Reserved" generally. The Law Journal and judge's calendar of April 6, 1899, sustain this statement. The clerk's certificate as to whether the case was on the general calendar was not obtained by either plaintiff's or defendants' attorneys. If this had been done, the special term justice would not have been compelled to decide this motion upon the contradictory statements in the affidavits submitted. In view of the publication in the Law Journal, it is apparent that the statement, made by the managing clerk, that the case was not on the calendar, is not true; but, of course, it was not intentionally false. The order appealed from is reversed, without costs or disbursements to either party.

O'DWYER, J., concurs.

HIGGINS, Appellant, v. NASSAU ELECTRIC R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. November 28, 1899.) Action by William H. Higgins against the Nassau Electric Railroad Company. No opinion. Judgment reversed, on argument, and new trial granted; costs to abide the event.

HILER, Appellant, v. EMBURY et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. June, 1899.) Action by Jerome Hiler against Josiah H. Embury and another. No opinion. Judgment and order reversed, and a new trial ordered, with costs to the appellant to abide the event.

HOHENSTEIN, Appellant, v. APOLLO INCANDESCENT GASLIGHT CO., Respondent. (City Court of New York, General Term. December 27, 1899.) Action by Hugo Hohenstein against the Apollo Incandescent Gaslight Company. From a judgment for defendant, plaintiff appeals. Affirmed. Felix Jellenic, for appellant. Benjamin Veit, for respondent.

PER CURIAM. Plaintiff's Exhibit A, we think, was not a complete contract. It was simply an order or memorandum, acknowledging the receipt of an order for the goods therein mentioned, with the quantity and price thereof, but cannot be said to contain all the conditions and agreements made at the time of sale. It was, therefore, proper to allow part of the testimony tending to prove the contract of sale made between the parties. Brigg v. Hilton, 99 N. Y. 517, 3 N. E. 51. We find no error, and judgment must be affirmed, with costs.

HOPKINS, Respondent, v. RATHBUN, Appellant. (Supreme Court, Appellate Division, Third Department. November 21, 1899.) Action by Frank Hopkins against Sarah A. Rathbun. No opinion. Order reversed, with $10 costs and disbursements, and motion denied, with $1 costs, on the authority of Abbott v. Corbin, 2 App. Div. 584, 48 N. Y. Supp. 103. See 60 N Y. Supp. 1080.