Argued 7 January; decided 25 February, 1901.

## MITCHELL v. OREGON FLAX ASSOCIATION.

[63 Pac. 881.]

| 38 | 503 |
| 41 | 567 |

COMPULSORY REFERENCE* — RIGHT TO JURY TRIAL.

Under section 222 of Hill's Ann. Laws, providing that a reference may be ordered when the trial of a cause will require the examination of a long account, it must affirmatively appear that the number of items to be litigated will be greater than the jury can properly consider.

From Marion: GEO H. BURNETT, Judge.

Action by W. E. Mitchell against the Oregon Women's Flax-Fiber Association, to recover $470.74 for labor and services performed by the plaintiff for the defendant corporation. The complaint alleges, in substance: (1) That between the seventeenth of March, 1897, and the first of April, 1898, the plaintiff performed eleven months' labor and services for the defendant, at its request, of the reasonable worth and value of $40 per month, amounting in the aggregate to $440, no part of which has been paid, except the sum of $251.91; (2) that between the first of April and the fifteenth of September, 1898, the plaintiff, at the request of the defendant, performed work and labor for it for five and one-half months, at an agreed salary of $50 per month, and that the sum earned under such employment amounted in the aggregate to $275, no part of which has been paid; and (3) that between the twenty-ninth of September and the eighth of October, 1898, the plaintiff, at the request of the defendant, performed services for it as follows: September

*NOTE.—See 25 L. R. A. 67-71 for note, Compulsory Reference as a Denial of the Constitutional Right to a Trial by Jury.—REPORTER.

29, 1898, taking team to Fairfield, $2; October 8, 1898, expenses to Portland, $5.65; that such services and expenses were of the reasonable value of $7.65, no part of which has been paid. The answer denies the allegations of the complaint, except as thereinafter alleged, and, as a further and separate defense to the first cause of action, avers that the plaintiff agreed to work and do what little clerical labor the defendant might have for him to do between the seventeenth of March, 1897, and the first of April, 1898, under a special agreement that he should receive and accept in full satisfaction for his services whatever sum the defendant might feel able and willing to pay; that all the services rendered or performed by plaintiff for the defendant between the dates named were not reasonably worth more than $150, which defendant paid him, and which is all that it is willing and able to pay for such services. In answer to the second cause of action, the defendant admits the employment of plaintiff during 1898 at an agreed salary of $50 per month, but denies that he worked any longer period than five months, and alleges that it paid him under such contract $101.91, and that there is now due thereon $148.09, and no other or further sum. As to the third cause of action, the answer denies the item of $2 for taking the team to Fairfield, but admits the item of $5.65. The reply contains a specific denial of the new matter set up in the answer. When the cause was called for trial, the court, without any additional showing, stated that a trial of the issues of fact in the case required the examination of a long account, and on its own motion, and over the objection and exception of the defendant, referred it to a referee, with the usual direction in such cases; and thereupon, over the objection of the defendant, the evidence was taken before the referee so appointed. Upon the coming in of his report, the defendant moved to set it aside for the reason, among other things, that the trial of the cause did not require the examination of a long account on either side,

and was therefore improperly referred. But the court refused to hear any argument on the motion, except as to the sufficiency of the evidence reported by the referee to support his findings and conclusions; and, counsel for defendant declining to proceed further, their motion to set aside the referee's report was overruled, and the plaintiff's motion to confirm allowed. From the judgment entered thereon the defendant appeals, assigning as error the ruling of the court ordering a compulsory reference of the case.

REVERSED.

For appellant there was a brief over the name of *Bonham, Jeffrey & Martin,* with an oral argument by *Messrs. B. F. Bonham* and *Carey F. Martin.*

For respondent there was a brief over the name of *Sherman, Condit & Park,* with an oral argument by *Mr. O. A. Condit.*

MR. CHIEF JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

The Constitution of Oregon, Article I, § 17, guaranties to every suitor in a civil action the right to a trial by a jury, of which right he cannot be deprived by the court on its own motion or that of his adversary, unless it affirmatively appears, with reasonable certainty, that the trial will require the examination of a long account on either side: Hill's Ann. Laws, § 222. Just how long an account must be in order to justify a compulsory reference has not been, and, in the nature of the case, cannot be, exactly determined. Mr. Cooper says: "That the account must be 'long' is conceded, but just how long it should be the courts have not decided. In fact, from the nature of the case, it is impossible exactly to determine how long the account should be; and, if it were, it would be impolitic and work injustice to lay down rigid

rules on the subject": Cooper, Ref., 15. Each case, there-
fore, depends upon its own facts; and, where there is a con-
flict in the evidence as to whether the issue involves the
examination of such an account, the decision of the trial
court will probably not be disturbed on appeal: *Welsh* v.
*Darragh,* 52 N. Y. 590. But an order directing a compul-
sory reference in a case where it is not authorized is not only
appealable, but will be reversed and set aside by the appellate
tribunal, because it denies to a suitor a substantial and con-
stitutional right. Without reference in detail to the ad-
judged cases, in our opinion the true test by which to deter-
mine whether an action involves the examination of a long
account, within the meaning of the statute, is correctly stated
in *Spence* v. *Simis,* 137 N. Y. 616 (33 N. E. 554), as fol-
lows: "Facts must be disclosed, either by affidavit or upon
the face of the pleadings, from which the conclusion can be
fairly drawn that so many separate and distinct items of
account will be litigated on the trial that a jury cannot keep
the evidence in mind in regard to each of the items, and give
it the proper weight and application when they retire to de-
liberate on their verdict": Cooper, Ref., 15, *et seq.*; 20 Am.
& Eng. Enc. Law ( 1 ed.), 676; *Feeter* v. *Arkenburgh,* 147
N. Y. 237 (41 N. E. 518); *Hedges* v. *Protestant Church,*
23 App. Div. 347 (48 N. Y. Supp. 154); *Hoar* v. *Wallace,*
24 App. Div. 161 (48 N. Y. Supp. 748); *McAleer* v. *Sin-
nott,* 30 App. Div. 318 (51 N. Y. Supp. 956). This doctrine
proceeds upon the theory stated in *Cassidy* v. *McFarland,*
139 N. Y. 201, 207 (34 N. E. 893), that "trial by a referee
is an exceptional mode of judicial procedure, and, when it
is sought to coerce a suitor into a submission to it, the bur-
den is upon the party applying for a reference to show by
satisfactory proof that the case is within the excepted class.
The rule is not different where the court upon its own mo-
tion undertakes to compel a reference."

Applying these principles to the case in hand, it is appar-

ent that it is not one in which the court could order a reference against the objection of a party thereto. There was no showing made outside of the pleadings, and they present substantially but three questions: (1) Did the plaintiff perform work and labor for the defendant during the years 1897 and 1898, for eleven months, of the reasonable value of $40 a month, amounting to $440, as alleged in the complaint, or was his employment for the same time at whatever compensation the defendant should be able and willing to pay, as alleged in the answer? The only issue between the parties on this cause of action is as to the contract under which the plaintiff was employed, and the amount of compensation he was to receive. There is no question of items or amounts, but as to the terms of a contract, solely. (2) Did the plaintiff during the year 1898 work for the defendant five and one-half months, as alleged in the complaint, or only five months, as alleged in the answer? Upon this cause of action there is no controversy as to the terms of plaintiff's employment or the compensation he was to receive, but only as to the length of time he was employed. (3) Was the plaintiff authorized to incur the item of $2 for taking the team to Fairfield, as set forth in the complaint? These are all simple questions of fact, easily understood, and there could be no difficulty in an average jury fully bearing in mind and appreciating the evidence in relation thereto, and in determining the controversy between the parties intelligently. Under such circumstances, the defendant has a constitutional right to have the case tried by a jury, and because it was denied this right the judgment is reversed, and the cause remanded for a new trial.

REVERSED.