(98 App. Div. 111)

PRENTICE et al. v. HUFF et al.

(Supreme Court, Appellate Division, First Department. November 25, 1904.)

1. COMPULSORY REFERENCE—EXAMINATION OF LONG ACCOUNT—SERVICES OF ATTORNEYS.

Where the complaint alleged an indebtedness to plaintiffs in a certain sum for services rendered as attorneys in certain cases, and the answer puts in issue the indebtedness and the value of the services, and sets up a counterclaim alleging negligence and unskillfulness in the performance of the services, the fact that plaintiffs' bill of particulars is itemized, showing a great number of separate charges for services on different dates, and that defendant's bill of particulars contains many different items, in each of which he claims a loss based on plaintiffs' want of professional skill and diligence, does not make a case requiring the examination of a long account, within Code Civ. Proc. § 1013, providing that in such cases a compulsory reference may be ordered.

Patterson, J., dissenting.

Appeal from Special Term, New York County.

Action by William P. Prentice and another against Eunice E. Huff and another. From an order granting a compulsory reference, pursuant to Code Civ. Proc. § 1013, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Paul Eugene Jones, for appellants.
W. P. Prentice, for respondents.

HATCH, J. The plaintiffs are a firm of lawyers, and bring this action for the purpose of recovering a sum claimed to be due for professional services. A demurrer was interposed to the complaint upon the ground of a misjoinder of causes of action. The Special Term overruled the demurrer, holding that the complaint stated a single cause of action against both defendants, and from that decision no appeal was taken. Thereafter the defendant Eunice E. Huff served an answer containing, first, a general denial; second, the statute of frauds; third, misjoinder of causes of action; and, fourth, a counterclaim alleging negligence and unskillfulness in the performance of the services which were rendered by the plaintiffs, for which she demanded judgment in the sum of $52,911. The defendant John B. Huff answered separately, interposing as a defense to the action all of the matters averred as a defense in Mrs. Huff's action, except the counterclaim. Issue having been thus joined, the defendants demanded a bill of particulars of the plaintiffs, which was served, and the plaintiffs demanded a bill of particulars of the items set forth in the counterclaim of Eunice E. Huff, which demand was complied with by the service of a bill. After the bills of particulars had been served, the plaintiffs made a motion for a compulsory reference, based upon the ground that the trial would involve the examination of a long account. The services for which a recovery is sought, as appears by the complaint, were rendered between May, 1897, and July, 1903. It is averred in the complaint that for all

¶ 1. See Reference, vol. 42, Cent. Dig. §§ 13, 16, 17.

of the services rendered up to August 6, 1900, and for certain other services thereafter to be rendered, the plaintiffs have been fully paid; and the action is to recover for the reasonable value of the services rendered subsequent thereto, which, it is claimed, amount to the sum of $10,000, no part of which has been paid. In the main, the great bulk of service was rendered in an action brought by May Thorne Brantingham against Eunice E. Huff individually, and as executrix of Joseph Thorne, deceased. To this action Mr. Huff was not a party. Plaintiffs' bill of particulars shows about 95 separate items, of which 84 relate to the Brantingham litigation, and amount to $9,635 of the total charge. The additional services were rendered in suits and proceedings to which Mrs. Huff was not a party, which are designated by plaintiffs as the "Westchester County Cases" and the "Thaxter and Washburn Cases." In these matters the bill of particulars shows but nine items, and the value attached thereto is the sum of $365. The defendant Eunice E. Huff's bill of particulars contains 15 different items, in each of which she claims a loss based upon the claimed lack of plaintiffs' professional skill and diligence.

When the plaintiffs' bill of particulars is dissected, it is apparent that such claim does not constitute a long account, within the meaning of the provision of the Code authorizing a compulsory reference, within the authorities construing the same. Under the first decision in the Brantingham action an interlocutory decree was entered for an accounting, and subsequently such accounting was had, for which the plaintiffs' charge is $1,000. In the bill of particulars this service is divided into three items, under dates between August 30, 1900, and September 28th of the same year—a period of less than a month. From the interlocutory judgment an appeal was taken, and for preparing the case a charge of $400 is made. Intermediate the taking of the appeal and the preparation of the case are a large number of items for particular service. In the argument of the appeal, counsel was employed at the Appellate Division, and for this service a charge is made of $700. This charge, however, is divided into five separate items, running from $50 to $250 each, and is made up of a retainer and conferences with counsel and with the defendants. The judgment being affirmed at the Appellate Division (73 N. Y. Supp. 643), an appeal was taken to the Court of Appeals (174 N. Y. 53, 66 N. E. 620, 95 Am. St. Rep. 545), and for services in that connection and for the employment of counsel a charge is made of $2,925. This charge has been subdivided into 15 items, running from $10 to $2,000. The service in the Brantingham case was all performed under a single retainer, and the charges in connection therewith have been unnecessarily expanded in order to make it appear that a long account is involved. Of such a case it was said in Randall v. Sherman, 131 N. Y. 669, 30 N. E. 589:

"No account was involved in the issue as the subject of investigation, and the only sense in which it can be pretended that an account could come under consideration at all would be that, in deference to some request of the defendants, the plaintiff had, before bringing his action, rendered an account or bill itemizing his services. The question presented in such an action is that of quantum meruit. The services were rendered as the defendants' attorney and counsel in and about the one action, and, although they are capable of

more or less itemization, that fact does not bring the action into that class which becomes referable as requiring the examination of a long account. The plaintiff, by making out his bill so as to specify the numerous acts and services required in the various stages of the litigation, does not make that the 'long account' which the statute speaks of. The bill itself does not include anything but services rendered upon the one retainer. His cause of action was single, as his contract was entire. The service he was retained to render was essentially single, although it required distinct steps and proceedings on his part before the purpose of his employment was fully accomplished."

In Abbott v. Corbin, 22 App. Div. 584, 48 N. Y. Supp. 103, similar services were rendered in three actions, covering a period of ten years; and it was held that the items of such service did not make a long account, as contemplated by the statute. This court, in Hedges v. Methodist Protestant Church, 23 App. Div. 347, 48 N. Y. Supp. 154, held that services rendered in one action, four mandamus proceedings, two street openings, and in preparing certain documents or contracts, did not constitute a long account, within the meaning of the statute. Mr. Justice Patterson, writing in that case, observed:

"Every charge that may be dissected and distributed over a great number of items does not necessarily make a long account, within the meaning of the section of the Code controlling that subject."

This court therein adopted the rule announced in Spence v. Simis, 137 N. Y. 616, 33 N. E. 554, holding—

"That facts must be disclosed, either by affidavit or upon the face of the pleadings, from which the conclusion can be fairly drawn that so many separate and distinct items of account will be litigated on the trial that a jury cannot keep the evidence in mind in regard to each of the items, and give it the proper weight and application when they retire to deliberate upon their verdict."

No case can be found where it has been held that the services of an attorney rendered in an action or actions under a single or different retainers, which merely involve charges in connection with the various steps in the litigation, constitute a long account. On the contrary, the charge in each action, although the service be permissible of exhaustive itemization, is essentially a single charge respecting each action, and exceptional circumstances must be made to appear in order to remove the case from the operation of such rule. Hoar v. Wallace, 24 App. Div. 161, 48 N. Y. Supp. 748, was an action by an attorney to recover for professional services. Such services extended over a period of 15 months, and embraced the judicial settlement of the accounts of the defendants as executors and executor under a will, proceedings instituted by the board of health to compel the discontinuance of the use of a basement of a house, and an action brought for rent due the estate, which was undefended. In addition to this, there were items covering 51 interviews, and of disbursements in connection with the matter. In an opinion delivered by Mr. Justice O'Brien for this court, the rule of the cases to which we have called attention was adopted; the court saying:

"In the case at bar the subjects of employment are not numerous, and the items of the bill of particulars are not independent items of a long account, within the meaning of that expression as used in the Code."

Such has been the uniform holding of this court and the Court of Appeals. Stein v. N. Y. News Publishing Co., 47 App. Div. 550, 62 N. Y. Supp. 579; Feeter v. Arkenburgh, 147 N. Y. 237, 41 N. E. 518; Cantine v. Russell, 168 N. Y. 484, 61 N. E. 769. The case of Richards v. Stokes, 1 App. Div. 305, 37 N. Y. Supp. 246, does not conflict with this rule. In that case, as said by Mr. Justice O'Brien in Hall v. Wallace, supra, it "was an extreme case. The subjects of employment there were exceedingly numerous. 'We are * * * dealing,' said the court, 'with almost innumerable items of service rendered under many retainers.'" Clearly this is not such a case.

It also appears that the services rendered by the plaintiffs will not be the subject of a contest upon the trial, although there is a general denial which would authorize it. The main contention in the present case relates not to the particular service rendered, but to the value of the service. The issue for litigation relates to such matter, and the skillfulness and diligence of the attorney in and about its performance. The defendant Eunice E. Huff's counterclaim does not present, in any sense, a long account. The issue involved thereunder is single. Did the plaintiffs, in the performance of the service, exercise the diligence and skill which the law requires? This question answered in the affirmative, the plaintiffs are entitled to recover the reasonable value for the service rendered. If answered in the negative, the damage which flows from particular acts of negligence or unskillfulness is essentially a question for the jury. Upon such issue, standing alone, a reference would not be permissible, save under exceptional circumstances. Hoffman v. Sparling, 12 Hun, 83; Abbott v. Corbin, supra. The cases in which a reference is permissible of this character must involve peculiar circumstances. Rowland v. Rowland, 141 N. Y. 485, 36 N. E. 504; Boisnot v. Wilson, 95 App. Div. 489, 88 N. Y. Supp. 867. Such questions are not presented in this case. Upon the issue of diligence and skill the defendants are entitled to a trial by jury, unless peculiar circumstances exist; and, in order to grant a compulsory reference upon the theory that a long account is involved, it must so be made to appear affirmatively and clearly. It is not so shown in the present case.

The order should therefore be reversed, with $10 costs and disbursements, and the motion for a reference denied, with $10 costs. All concur, except PATTERSON, J., who dissents.