(164 App. Div. 206)

PACE et al. v. AMEND et al. (No. 6217.)

(Supreme Court, Appellate Division, First Department. November 6, 1914.)

1. REFERENCE (§ 8*)—GROUNDS—"EXAMINATION OF LONG ACCOUNT."

Where attorneys sued for services rendered in the acquisition of certain patents and the organization of a corporation, and filed a bill of particulars showing a great number of items of services rendered, all of which came under one of the two general heads, and recovery was sought for the reasonable value of the services as a whole, and not for the separate items, the case did not involve the "examination of a long account," within the meaning of that expression as used in Code Civ. Proc. § 1013, so as to entitle the attorneys to an order of compulsory reference.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 13–23; Dec. Dig. § 8.*

For other definitions, see Words and Phrases, Examination of Long Account.]

2. REFERENCE (§ 8*)—COMPULSORY ORDER—CODE PROVISION.

A compulsory order of reference cannot be entered, and a party thereby be deprived of his right to a trial before the court or jury, unless the case clearly falls within the terms of Code Civ. Proc. § 1013, providing for such order.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 13–23; Dec. Dig. § 8.*]

Appeal from Special Term, New York County.

See, also, 149 N. Y. Supp. 738.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Harry R. Kohn, of New York City, for appellants.
Willard H. Olmsted, of New York City, for respondents.

LAUGHLIN, J. The action is brought by a firm of attorneys to recover $100,000 for professional services rendered on a quantum meruit. The allegations of the complaint are brief, and merely to the effect that the services were rendered between the 12th day of October, 1912, and the commencement of the action, in which the summons bears date the 7th day of August, 1913, and were performed "in and about the acquisition, development, and exploitation of certain patents and the

subject-matter thereof, as well as concerning the organization and operation of the defendant Wolfram Wire Company." The answers of the appellants are general denials. The plaintiffs have furnished a bill of particulars of the services alleged to have been rendered, containing a great number of items and extending over 45 pages of the printed record. It is not alleged in the complaint, and it does not appear by the bill of particulars, that the plaintiffs claim that there was a separate employment for each item of services set forth in the bill of particulars; and it is manifest therefrom that the entire services relate to comparatively few matters only, and all relate directly or indirectly to the two subjects specified in the complaint, namely, the patents or the organization or operation of the defendant company.

[1] I think the fair construction of the allegations of the complaint is that there was but a single retainer in the case at bar, and the value of the services is claimed to be $100,000. Counsel for respondents seeks to sustain the order of reference on the ground that all the items of services and the value thereof are controverted. As the plaintiffs have presented the issue, it will not be necessary to determine separately the value of the various items of services performed. They estimate their claim to recover upon the basis of the reasonable value of all the services performed taken together. The questions to be litigated will be whether the plaintiffs were employed, and the value of the services rendered, to be determined as a single charge, or by ascertaining the value of the services relating to particular matters in the course of the employment. It is not apparent that this will involve the examination of a long account, within the meaning of section 1013 of the Code of Civil Procedure. The fact that it will become necessary to consider various items of services in determining the value of all the services rendered under a general retainer does not involve the examination of a long account and render the action referable. Prentice v. Huff, 98 App. Div. 111, 90 N. Y. Supp. 780; Russell v. McDonald, 125 App. Div. 844, 110 N. Y. Supp. 950; Feeter v. Arkenburgh, 147 N. Y. 237, 41 N. E. 518; Randall v. Sherman, 131 N. Y. 669, 30 N. E. 589.

[2] A party cannot be deprived of a trial before the court or jury, unless the case clearly falls within the provisions of said section 1013 of the Code of Civil Procedure (Steck v. C. F. & I. Co., 142 N. Y. 236, 37 N. E. 1, 25 L. R. A. 67; Spence v. Simis, 137 N. Y. 616, 33 N. E. 554); and it has been held that the burden rests upon the party moving for the order of reference to show affirmatively with reasonable certainty that the trial will involve the examination of a long account. Smith v. London Assur. Corp., 114 App. Div. 868, 100 N. Y. Supp. 194. These requirements are enforced with special strictness where attorneys move for a reference of issues involving their claims for professional services. Russell v. McDonald, supra.

The respondents rely upon Lewis v. Snook, 88 App. Div. 343, 84 N. Y. Supp. 634, affirmed 179 N. Y. 519, 71 N. E. 1133; but there it appeared that it was necessary to determine separately the value of 45 different items of services, and even in that case the reference was sustained by a bare majority vote in the Appellate Division. The Court of Appeals expressed no opinion with respect to the propriety of the

order of reference in that case, but merely held that section 1013 of the Code of Civil Procedure conferred authority to make the order. We are of opinion that the plaintiffs failed to show that they were entitled to have the issues referred.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

(164 App. Div. 209)

PACE et al. v. AMEND et al.   (No. 6218.)

(Supreme Court, Appellate Division, First Department.   November 6, 1914.)

1. PLEADING (§ 326*)—BILL OF PARTICULARS—ADDITIONAL BILL.

Where attorneys sued for services rendered in the acquisition of certain patents and the organization of a corporation, and voluntarily filed a bill of particulars showing in detail the services rendered, while they cannot be expected to itemize their charges as to each item of service, they can be compelled to file a further bill of particulars, grouping services rendered as to each opinion, contract, suit, etc., and to itemize their charges for the different groups.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 990–992; Dec. Dig. § 326.*]

2. PLEADING (§ 317*)—BILL OF PARTICULARS.

In a suit to recover an attorney's fee under an oral agreement, where the only allegation of the complaint as to the terms of the agreement was that the services were rendered at the request of the defendants in the acquisition of certain patents and the organization of a corporation, the attorneys will be required to furnish a bill of particulars setting forth the terms of the agreement for their services.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Appeal from Special Term, New York County.

Action by Francis P. Pace and another against Otto P. Amend and others. From an order denying a motion for a further bill of particulars, defendants Wolfram Wire Company and another appeal. Order reversed, and motion granted.

See, also, 149 N. Y. Supp. 736.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Harry R. Kohn, of New York City, for appellants.

Willard H. Olmsted, of New York City, for respondents.