JOSEPH B. KELLEY, ADMR. v. LOUIS P. HERMANN ET AL.

**Bill of Exceptions Filed before Overruling Motion for New Trial but not Until Eighty Days after Judgment too Late.**
There is no warrant for considering a bill of exceptions which was not filed in the court of appeals until eighty days after the entering of the judgment in the common pleas court, notwithstanding said judgment was entered more than a month before the overruling of the motion for a new trial and the bill of exceptions was within proper time allowed and filed in the trial court within seventy-seven days. Had it been filed in the court of appeals on the same day as in the common pleas court it might have been considered.

*W. F. Chambers* and *J. B. Kelley,* for plaintiff in error.
*Simeon Johnson,* for defendants in error.

## JONES (O. B.), J.

This cause comes before the court on a motion filed by a defendant in error to strike from the files the bill of exceptions

Kelley v. Hermann.

filed herein because the same was not filed within the time pro-
vided by law.

The record shows that a final decree was rendered in this
case February 20, 1914. Motion for new trial was filed Febru-
ary 21, 1914, by the present plaintiff in error, who was de-
fendant below, which motion was overruled on March 21, 1914.
On April 16, 1914, a bill of exceptions was prepared and filed by
the defendant below, plaintiff in error here. After objections
and an extension of time this bill of exceptions was allowed and
filed in the trial court, May 8, 1914. On May 11, 1914, the bill
of exceptions with an additional transcript showing its filing be-
low was filed in this court. The petition in error, original
papers other than the bill of exceptions, and the original tran-
script, were filed in this court March 30, 1914. It will be ob-
served that the bill of exceptions was originally filed on the
26th day after the overruling of the motion for a new trial, and
was within the time prescribed by Sec. 11564 G. C.; and it was
finally allowed and filed in the trial court on the 48th day after
the overruling of the motion for a new trial, which was within
the time prescribed by law.

It is contended by defendants in error that under the pro-
visions of Secs. 12263 and 12270 G. C., as amended, a bill of ex-
ceptions must be filed in the court of appeals within seventy
days, and that if filed later than that date it can not in any
event be considered. This brings the court to a construction of
the terms of Sec. 11572 G. C., which is as follows:

"A party desiring to have a final judgment or order re-
viewed, on error, may file his petition in error, his transcript and
other papers in the proper court, without waiting to perfect a
bill of exceptions, and thereupon may, if he desires, secure a stay
of execution of such judgment or order, by giving the bond
therefor as provided by law. Thereafter, within the time limited
by law therefor, he may prepare, have allowed and signed, a
bill of exceptions, which, when duly allowed and filed in the
trial court, he also may file in the error proceeding; whereupon
it shall be received and considered by the reviewing court as if
filed with his petition in error."

The words found in the last sentence of this section, "within
the time limited by law therefor," refer to the time fixed for the

original filing of the bill of exceptions in Sec. 11564, and for the signing and allowing of same by the trial judge, including any extension of time made by him under Secs. 11565 to 11571 inclusive. And the words in the same section "which when duly allowed and filed with the trial court he may also file in the error proceeding," fix the utmost limit within which a bill of exceptions may be filed in the error proceeding as the time when it must be filed in the trial court if beyond the seventy day period fixed by Section 12270 G. C.

In this case the final allowance and filing of the bill of exceptions by the trial court, May 8, 1914, was seventy-seven days after the entry of the judgment, and if the bill of exceptions had been filed in the reviewing court on the same day that it was filed in the trial court, under the terms of Sec. 11572, it might be received and considered, even though it were filed seven days after the limit of time ordinarily fixed. But plaintiff, on whom the duty rested, failed to file the bill of exceptions in this court within that time, but filed it three days later, which is outside of the utmost limit allowed by law, and there is therefore no warrant for its consideration by this court.

Motion to strike it from the files will therefore be granted. And it appearing from an inspection of the record that a bill of exceptions is necessary to show any of the errors claimed in the petition in error, the judgment of the court below must be affirmed.

I agree with my associates in the construction of Sec. 11572 G. C. I most reluctantly concur in the action of the court in striking the bill of exceptions from the files, and do so only because the question seems to have been settled in this state by the language of the court in deciding the case of *Young* v. *Schallenberger,* 53 Ohio St. 291 [41 N. E. 518], and by *Dowty* v. *Pepple,* 58 Ohio St. 395 [50 N. E. 923].

The construction which I think our statutes bear is discussed and expressly disapproved by Judge Williams on page 299, *et seq.,* of the opinion in the former case. It will be noted that it was claimed by counsel for plaintiff in error in that case "that the judgment was prematurely entered, and for the purposes of the question here should be treated as renderd at the time of the

### Kelley v. Hermann.

overruling of the motion for new trial." The Supreme Court found against this contention. At that time six months were allowed from the date of the judgment within which to file a petition in error and it is quite likely that situations such as this did not often arise.

But with the time reduced to seventy days they become less rare. Within two months this court has stricken from the files four bills of exceptions. In at least two instances the motions for new trial were still pending, and in one case it had not been argued, seventy days after the entering of the judgment. The motions for new trial in all of the cases, as in this, were filed under authority of Sec. 11576 G. C. That section is found in Chapter 5, Part 3, Title 4, Division 3 of the General Code. In this section and throughout the chapter where it is found, the motion for a new trial, such as was filed in this case, is described as a motion after "a verdict by a jury, a report of a referee or master, or a decision by the court" (see Sec. 11575 G. C.). This chapter bears the heading "New Trial." Chapter 6 of Division 4, Part 3, Title 1 of the General Code, bears the heading "Other Relief after Judgment." This is probably only important to show the construction placed upon these sections by the codifiers and the views they held which led to this collection and arrangement of the provisions of the code with reference to the re-submission of a case.

I think that the judgment by the court below in this case was entered prematurely. The section under which the motion for new trial was filed contemplates, and indeed expressly provides, that such motion must be filed after the decision, verdict or report.

The understanding which I have of this and the following sections is that the motion and the decision thereon must antedate the judgment. When the legislature provided that the motion should be made within three days after the decision, the intention was that it should be made before the judgment, and this is as clear to my mind as if the words "before judgment" were incorporated in the statute. A judgment entry made prior to the disposition of a motion for new trial is not void but is, with due respect to the opinion of the Supreme Court, prema-

turely entered. And for the purpose of this motion the judgment should be considered as having been entered at the time or after the motion for new trial was overruled.

Such a construction would obviate much of the difficulty and awkwardness in which attorneys and clients are placed by the unauthorized haste in which judgments are entered in cases like unto this. A situation in which a lawyer finds that he is required to prepare and file a petition in error and bill of exceptions while his motion for new trial is still pending, and before he can be sure he will have any complaint to urge in **reviewing** court, certainly calls for new legislation or a new construction of that which we now have. I am of the opinion that no new legislation is necessary and that, if practicable, the matter should again be presented to the Supreme Court for consideration.

SWING, J., concurs.

JONES (E. H.), J., concurring.

---

## APPEAL—FRAUD—VENDOR AND PURCHASER

[Cuyahoga (8th) Circuit Court, May 10, 1912.]

Niman, Dustin and Pollock, JJ.

Judge Dustin of Second Circuit and Judge Pollock of Seventh Circuit Sitting in Place of Judges Marvin and Winch.

O. W. JOHNSON AND SUSIE JOHNSON v. H. A. TILDEN ET AL.

1. **False Representations as to Rental Value Ground for Rescission of Contract.**
   In a contract for the sale of real estate, false representations as to the rental value of the property and as to the existence of a sewer connection in a house, constitute fraud for which a rescission of contract will be granted.
2. **Reviewing Court on Appeal in Action for Rescission Heard on Transcript will Follow Trial Court on Weight of Evidence.**
   In an action in equity for the rescission of a contract, heard upon a transcript of the evidence in the court below when there is some uncertainty as to the weight of the evidence, an appellate court will accept the conclusions of the trial court which saw the witnesses face to face, and had better opportunity to judge of their credibility.

APPEAL.

*H. J. Doolittle*, for plaintiffs.
*F. C. Scott*, for defendants.