## BLUMBERG v. SCHWARZSTEIN et al.

(Supreme Court, Appellate Term, First Department.   October 17, 1916.)

REFERENCE ☞8(3)—LONG ACCOUNT—WHEN PROPER.

Although plaintiff claims to have served as attorney in three cases, covering two years, and his account comprises 70 items which defendants claim were not rendered for all of them, but should be apportioned, there is no warrant for order of reference under Code Civ. Proc. § 1013, providing for reference of long accounts.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 16, 17; Dec. Dig. ☞8(3).]

Appeal from City Court of New York, Special Term.

Action by Samuel Blumberg against Monassi I. Schwarzstein and others. From an order directing compulsory reference, defendants appeal. Reversed.

Argued October term, 1916, before GUY, BIJUR, and SHEARN, JJ.

Jacob Maran, of New York City, for appellants.

Saul H. Immergluck, of New York City (Samuel Blumberg, of New York City, of counsel), for respondent.

BIJUR, J.   The action is brought by the plaintiff, an attorney, to recover for professional services alleged to have been rendered to defendants.

Plaintiff claims in his brief that he performed services pursuant to three separate and distinct retainers in three separate cases; that the services covered a period of two years and consisted of upwards of seventy items; that, in addition, the defendants contend that all the services were not rendered for all the defendants and that it would be necessary to apportion them.

I cannot find in this statement by plaintiff himself of the character and extent of the litigation sufficient warrant for the order, which it is claimed is justified by section 1013 of the Code of Civil Procedure. See Prentice v. Huff, 98 App. Div. 111, 90 N. Y. Supp. 780; Pace v. Amend, 164 App. Div. 206, 209, 149 N. Y. Supp. 736, 738.

Order reversed, with $10 costs and disbursements.   All concur.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes