■ Sapolsky & Slobodien, Appellant, v. Harry's Service, Inc., Respondent.— Order entered on August 23, 1962 denying plaintiff's motion to modify the defendant's demand for a bill of particulars, unanimously reversed, on the law and the motion granted to the extent hereinafter indicated, with $20 costs and disbursements to the appellant. Paragraphs "1", "3", "4", "8" and "9" modified so as to require that the plaintiff furnish a general statement with respect to the services of plaintiff rather than the detailed and itemized information sought. Paragraph "5" should be modified so as to require particulars only of those items of plaintiff's performance as are expressly denied in the answer — completion of the plans and specifications and the approval by the city departments. The objections raised with respect to paragraphs "6" and "7" appear to be without merit and these paragraphs may stand. Paragraphs "11" and "12" should be stricken as they seek particulars of what are merely conclusory allegations of the complaint which are self-explanatory and permit of no particularization. Subdivisions (a), (b), (c) and (d) of paragraph "15" seek excessive detail and should be modified to require a general statement with respect to the services rendered. Paragraph "16" is in effect in the nature of a "discovery" and should be stricken. Paragraph "17" seeks particulars as to the manner in which the reasonable value of plaintiff's services is computed. In situations such as this, involving the rendition of professional services, particularization as to the makeup of the amount demanded appears to be unwarranted (see *Pace* v. *Amend*, 164 App. Div. 206). Paragraph "19" must also be stricken as the particulars sought do not relate to the plaintiff's cause of action. They might be pertinent with respect to defendant's counterclaim but if so they may not be elicited through the office of a bill of particulars. Settle order on notice. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.